### J. H. BURNETT v. EDLING & EDLING.

Decided December 15, 1898.

**1. Pleading—Certainty.**

The petition in an action by real estate agents for damages for loss of commissions because of defendant's breach of contract in refusing to execute deed to the lands sold is insufficient, as against special exceptions, where it fails to give the names and residences of the proposed purchasers, the quantity of land sold to each, the price, and the terms of sale.

**2. Allegata and Probata.**

In an action by real estate agents for damages for loss of commissions on sales of land for which the owner refused to execute deeds, evidence is not admissible to prove sales to persons whose names and residences are not given nor otherwise identified.

**3. Exemplary Damages—Breach of Contract.**

Exemplary damages are not recoverable for breach of contract except under special circumstances, which must be alleged.

**4. Action for Commissions—Expenses Not Recoverable.**

Proof of expenses incurred by real estate agents, in an action for damages for loss of commissions because of defendant's breach of contract, is not admissible, where the pleading only puts in issue the loss of commissions.

**5. Same—Irrelevant Evidence.**

In an action by real estate agents for loss of commissions from breach of contract, evidence that defendant's agent at the place where the land is situated refused to permit prospective purchasers of the land found by plaintiffs to occupy defendant's hotel and sheds is not admissible.

**6. Same—Evidence Held Relevant.**

In an action by real estate agents for damages for loss of commissions because of a breach of contract by the owner of the land sold, evidence that another agent sold a part of the lands, with the approval of defendant, to persons whom plaintiffs induced to look at them, is admissible.

**7. Same.**

In an action by real estate agents for damages for loss of commissions because of defendant's breach of contract, a contract between defendant and another for the sale of lands is not admissible in evidence where it does not appear from the contract, or from evidence aliunde, that the lands were the same, or any portion of the lands embraced in the contract between plaintiff and defendant.

**8. Same.**

In an action by real estate agents for damages for loss of commissions because of defendant's breach of contract, a letter of defendant offering to sell another portion of the land is not admissible in evidence, where defendant reserved the right, in the contract between him and plaintiff, to sell the land himself.

**9. Same—Commissions Due in Installments.**

In an action to recover a balance of commissions due under a contract for sale of lands providing that the brokers should receive one-half their commissions out of the first payment on the land and the other out of the second payment, it devolves on plaintiffs to show either that the second payment had been made to the owner, or that it had not been collected by reason of his fault.

**10. Same—Right to Commissions on Sale Not Made.**

Plaintiffs in an action for commissions on sales they could have made are not entitled to recover unless they show that such prospective sales were of land which, under the contract, they had the agency to sell, and on terms defendant had agreed to, and that defendant prevented said sales, and that the prospective purchasers were presented to, or their offer made known to, the defendant, and that they were ready and willing to buy and pay for the land according to the proposed contract.

APPEAL from Galveston.   Tried below before Hon. WILLIAM H. STEWART.

*J. R. Burnett,* for appellant.

*Denson & Fickett,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—The appellees instituted two suits against appellant in the District Court of Galveston County, both suits being based upon an alleged contract between appellees and appellant, whereby the latter appointed the former his sole and exclusive agents for the sale of a large body of lands owned by him in the county of Harris, Texas, said contract to continue in force for the period of two years, unless in the meantime appellees should cease active operations as such agents, in which event the contract should terminate.   The appellees at the date of this contract were real estate agents and partners in business, with their office in the city of Houston, and the appellant a resident of the city of Galveston.   The first of the two suits, No. 18,879, was to recover damages, both actual and exemplary, for the

alleged wrongful refusal of the appellant to execute deeds of conveyance for said lands to persons to whom appellees had contracted to sell them, under and by virtue of their contract with appellant, and which said persons, appellees alleged, were willing, ready, and able to comply with the terms and conditions of the contracts made with them by appellees, as the agents of appellant. The second of the suits, No. 18,881, was to recover an alleged balance due appellees, as commissions, upon sales made and completed by them, for a portion of said lands, under and in accordance with said contract of agency. The balance sued for was $1033.83. Exceptions were filed by appellant to each of the petitions, and he answered the suits by general denial and plea in reconvention. The exceptions were overruled and suits were consolidated; and upon trial of the cause verdict and judgment were, on the 8th of January, 1898, rendered for plaintiffs for $2500. His motion for new trial having been overruled, defendant prosecuted his appeal to this court.

The first assignment of error is that the petition in suit No. 18,879, so far as it claimed damages for loss of commissions which appellees would have earned by sales of appellant's lands to persons able and ready to purchase said land, is insufficient, in that it fails to give the names and residences of the proposed purchasers, and the terms of the sales, and the number of acres, etc.; and that the court erred in overruling defendant's exceptions to the petition, and erred in admitting evidence of such alleged sales over objections of defendant. We think these exceptions should have been sustained. The petition alleged the sale by the plaintiffs of defendant's lands to various persons, numbering as many as 200, who were ready and able to buy said lands upon the terms and for the prices agreed on between the plaintiffs and the defendant, but it does not give the names of such purchasers, nor the quantity of land sold to each of them, nor the price for which the lands were sold. These were all matters about which the defendant had the right to be informed before being required to further defend the suit. Each party has the right to demand that the pleadings of his adversary be so framed as to advise him fully what he may have to contest, that thus warned he may prepare for the trial. The court erred in sustaining the special exceptions, presented under this assignment, in part only. They should have been sustained in whole, and not in part only. It was also error to admit evidence, over the objections of defendant, to prove sales of said lands to any persons whose names and residences were not given or otherwise identified. The second assignment is, that the court erred in not sustaining the sixth exception to the petition in cause No. 18,879. This exception assailed the petition as insufficient to authorize a recovery of exemplary damages for breach of contract. The exception should have been sustained. The general rule is, that for breach of contract exemplary damages are not recoverable, and the plaintiff alleges no facts which bring his case within exception to this general rule. The third assignment assails the action of the court in permitting plaintiffs, over objection of defendant, to prove amount of expenses incurred by them

in and about advertising and selling appellant's lands. The objections made by defendant to this evidence were, the items of such expense were not set out in the petition, and because same did not constitute a proper measure of damages, and because said evidence was calculated to mislead the jury to the prejudice of the defendant. The last two objections were, we think, good, and the evidence should have been excluded. Had the plaintiffs sued to recover compensation for labor and money expended in an effort to sell defendant's lands, and which effort had been defeated by the defendant in violation of his contract, doubtless the evidence objected to would have been admissible, and items of expenses incurred and labor performed in an endeavor to sell the lands would have been elements of damage. But the plaintiffs have not so sued; they aver they did make contracts for the sale of defendant's lands in accordance with the terms and conditions, and for the prices agreed to by defendant, with persons who were ready and able to purchase the said lands for the prices and upon the terms aforesaid, and that defendant refused, in violation of his contract with plaintiff, to execute to said persons conveyances for the lands so contracted by plaintiffs, and thereby defendant wrongfully deprived plaintiffs of their commissions upon such sales, alleging the amount of said commissions, and praying judgment for same. The fourth assignment assails the action of the court in admitting evidence to prove that J. O. Ross, the agent of defendant at Genoa, had sold portions of the lands in question to persons who had come to Genoa with plaintiffs for the purpose of viewing the lands, and that said agent had refused prospective purchasers of said lands, found by plaintiffs, to use the sheds and hotel owned by defendant at Genoa. The objection to this evidence was, that it was irrelevant and calculated to mislead and prejudice the jury. The objection was good as to the alleged refusal of defendant's agent to permit the prospective purchasers of the lands to occupy defendant's hotel and sheds, but we think it would be permissible for plaintiffs to show that defendant's agent, Ross, sold a part of the lands with the approval of defendant, for the sale of which plaintiffs were defendant's agents, to persons who were found by plaintiffs and induced to come upon the lands with the view or purpose of purchasing. Such an act would seem to conflict with the contract between plaintiffs and defendant, and such fact would be a circumstance to be considered by the jury in determining whether or not defendant did, as alleged, repudiate his contract with plaintiffs, and did refuse to execute deeds for the lands to buyers furnished by plaintiffs. The fifth assignment of error excepts to the admission in evidence, over defendant's objections, of the contract between defendant and C. R. Munger, dated December 31, 1895, and a letter to Munger from defendant dated September, 1894. The letter proposes, in answer to one from Munger, to sell him certain of the lands in question at a price not stated in the letter, but one which it stated was much less than that which plaintiffs had placed upon the property, and which they expected to realize, and Munger was requested if he accepted defendant's offer, not to disclose to the plaintiffs the price

at which the lands were sold. Inasmuch as, under his contract with plaintiffs, the defendant reserved the right to sell any of these lands himself, or by his agent, Ross, we can not see for what purpose this letter would be admissible, and are of the opinion it was error to admit it in evidence over defendant's objection. If the contract with Munger appertained to any of the lands included in the contract between plaintiffs and defendant, and if made while the latter contract was in force, it was legitimate evidence for plaintiffs; but the contract itself does not show whether the lands to which it has reference were the same or any portion of the lands embraced in the contract between plaintiffs and defendant, and unless this was shown to be the case, by evidence aliunde the paper, it should not have been admitted in evidence. Under his seventh assignment appellant complains of the refusal of the court to give his requested charges numbered 1 and 2. The first of these instructions denied the plaintiffs' right to recover commissions, without proof by them that the second installment on the sales had been paid. The contract between the parties expressly provided, that if the cash payment on any sale made by plaintiffs was equal to or exceeded three and one-half dollars per acre on the land sold, their commissions should be paid plaintiffs in full. But if the cash payment was less than that which would be realized if three and one-half dollars per acre on the land sold were paid down, then the plaintiffs should receive one-half of their commission, and the other half should be paid them when the second installment was collected from the purchaser. Under this contract the plaintiffs would not have a cause of action against defendant for the balance of their commissions until he had collected the second installment due from the purchaser, unless defendant had, to the injury of plaintiffs, failed or refused to collect the same; and as the second suit was brought for the recovery of the balance of commissions upon lands sold, and it was admitted that one-half of their commissions had been received by plaintiffs, it devolved upon them to show either that the second installment had been paid to defendant, or that it had not been collected by reason of his fault, and without such proof they could not recover. The court erred in not giving the requested charge. The other charge, number 2, we think should have been given. This charge is in these words:

"No. 2. The plaintiffs can not recover any damages or commissions for the sales, if any, that plaintiffs could have made of defendant's land, unless they have shown by a preponderance of the evidence that such prospective sales were of land which, under the contract between the parties, plaintiffs had the agency to sell and on terms defendants had agreed to, and that defendant or his authorized agent prevented said sales, and that the prospective purchasers were presented to or their offer made known to the defendant, and that they were ready and willing to buy and pay for the land according to the proposed contract."

We think it unnecessary to discuss the other assignments. The judgment is reversed for the errors indicated and the cause remanded.

*Reversed and remanded.*