SOUTHWESTERN TELEGRAPH & TELEPHONE COMPANY v. A. D. LUCKETT.

Decided March 28, 1910.

**1.—Contract—Breach—Exemplary Damages—Pleading.**

Exemplary damages are not recoverable for breach of contract unaccompanied by tort, and the tort must be so pleaded as to show a cause of action for exemplary damages independently of any right to recover actual damages for the breach of the contract alone. A general allegation that the breach of the contract was wilful and wanton will not be sufficient. Pleading and evidence considered and held insufficient to support a verdict for exemplary damages for breach of a contract to furnish plaintiff telephone service.

**2.—Telephone Company—Contract—Construction.**

A contract with a telephone company stipulated that in consideration of the promise and agreement of the patron to pay to the company the sum of two dollars per month, it would furnish the patron with a telephone and give him telephone service for one year, and at the expiration of the year the lease should be considered renewed from month to month upon the payment of two dollars per month in advance. Held, (1) after the expiration of one year said contract was for one month's service renewable each month upon payment in advance of the monthly rental, and upon failure to pay or tender payment in advance each month the company had the right to discontinue the service; (2) a tender in advance for the service of any one month would entitle the patron to the service for that month, and the fact that the patron was in arrears for past months would not give the company the right to discontinue the service; and (3) a tender of the rental to a lineman who was not authorized to receive the money was not a sufficient tender, nor was leaving the money with a third party and notifying the company of that fact.

**3.—Same—Contract—Waiver—Presumption of Authority.**

Where a patron of a telephone company called over the telephone for the company's office and the company's exchange operator gave him connection with some telephone from which an answer was received to the effect that the company would, in compliance with the request of the patron, send to a certain place and receive money left there by him for telephone rents, it will be presumed that the answer and promise was made by some one authorized to reply to the request so communicated. And such promise was a waiver of the right of the company to have the rents paid at its office as required by the contract.

**4.—Same—Receipt for Rents—Construction.**

A receipt for telephone dues wherein, opposite the item "balance due of bills previously rendered," no amount was stated, is in effect a statement

that all previous bills for rent had been paid, and in the absence of evidence to the contrary would support a finding that the patron owed no back rents.

### 5.—Trial—Burden of Proof—Charge.

The burden of proof does not shift at any time in the trial of a cause though the weight of the evidence often does, and it is never permissible for the trial court in any case in which the affirmative facts necessary to sustain plaintiff's suit are controverted by any evidence offered by defendant, to charge the jury that the burden of proof on such facts is upon the defendant.

### 6.—Same—Comment by Judge—Error.

There being evidence that a telephone company had at times sent collectors to the places of business of the users of its telephones for the purpose of collecting the telephone rents, but the evidence not being sufficient to establish a custom of this kind binding upon the company, it was reversible error for the trial judge to state in the hearing of the jury that if the company sent a collector to one subscriber there was no reason why it should not do so with all, the issue being whether or not the subscriber in question had made a sufficient tender of the rents by leaving the same with a certain party and notifying the company.

Appeal from the County Court of Galveston County. Tried below before Hon. Geo. E. Mann.

*Harris & Harris,* for appellant.—In this action for breach of contract exemplary damages can not be awarded. Neill v. Newton, 24 Texas, 204; Houston & T. C. Ry. Co. v. Shirley, 54 Texas, 141; Brooke v. Clarke, 57 Texas, 115; McCauley v. Long, 61 Texas, 79; Hooks v. Fitzenreiter, 76 Texas, 279; Shirley v. Waco Tap Ry. Co., 78 Texas, 138; Malin v. McCutcheon, 33 Texas Civ. App., 387; Western U. Tel. Co. v. Brown, 58 Texas, 170; Gulf, C. & S. F. Ry. Co. v. Levy, 59 Texas, 543; Gulf, C. & S. F. Ry. Co. v. Levy, 59 Texas, 563; Stuart v. Western U. Tel. Co., 66 Texas, 583; Peterson v. Thomas, 24 S. W., 1124; Thomas v. Peterson, 24 S. W., 1125.

The evidence, as a matter of law, does not reveal any wanton or wilful acts on the part of the agents, servants and employes of the defendant nor any ratification or endorsement by the defendant company of wanton and wilful acts on the part of their agents, servants and employes. Hays v. Houston & G. N. R. Co., 46 Texas, 272; Houston & T. C. Ry. Co. v. Cowser, 57 Texas, 293; International & G. N. R. Co. v. Tel. & Tel. Co., 69 Texas, 277; International & G. N. R. Co. v. Garcia, 70 Texas, 207; International & G. N. R. Co. v. McDonald, 75 Texas, 41; Gulf, C. & S. F. Ry. Co. v. Reed, 80 Texas, 362; San Antonio & A. P. Ry. Co. v. Morgan, 46 S. W., 672; Townsend v. Texas & N. O. R. Co., 40 Texas Civ. App., 71; Western U. Tel. Co. v. Landry, 108 S. W., 465; Cumberland Tel. Co. v. Hendon, 71 S. W., 435; Jones on Tel. and Tel., sec. 600; 6 Thompson on Negligence, par. 7165; Bowman v. Saigling, 102 Texas, 485.

The March receipt had no effect in law as to the payment of the February rental charge, but was simply prima facie evidence of the payment of the March rent. Watson v. Miller, 82 Texas, 283; 23 Am. & Eng. Ency. Law, 2d ed., 981; 1 Greenleaf on Evidence, par. 212.

The lease contract was lawful, and by virtue of its provisions the defendant had a lawful right to discontinue service to plaintiff for

nonpayment of rent.   Western U. Tel. Co. v. Neel, 368; Malochee v. Great Southern Tel. Co., 22 So., 922.

Sebastian v. Martin Brown Co., 75 Texas, 292, before the burden of proof shifts, plaintiff must establish his cause of action at least by prima facie proof.

Clark v. Hills, 67 Texas, 148, burden of proof remains on party offering fact in support of his case, and does not change in any aspect of cause, though weight of evidence may shift from side to side.

McKinney v. Bradbury, Dallam, 444, burden of proving allegations in complaint is on plaintiff.

Western U. Tel. Co. v. Bennett, 1 Texas Civ. App., 558, where both parties introduce sufficient evidence to discharge the burden of proof cast upon them, if the evidence be true, it is improper to charge on burden of proof.

To require prepayment of charges is reasonable.   Jones on Tel. & Tel., pars. 341 and 352, and cases there cited; Gray on Tel., par. 13.

Exemplary damages are not permissible in this suit for breach of contract.   Houston & T. C. R. Co. v. Shirley, 54 Texas, 141; Malin v. McCutcheon, 33 Texas Civ. App., 387; Cumberland Tel. Co. v. Hendon, 71 S. W., 435; Thomas v. Peterson, 24 S. W., 1125; New York, T. & M. Ry. Co. v. Leander, 46 S. W., 843; Smith v. Holland, 16 S. W., 426.

Where each party sustains his case by evidence, and a verdict thereon would not be set aside, then the admission of the slightest illegal testimony which might have possibly influenced the result, over objections properly made and reserved, will be reversible error.   Smith v. Hughes, 23 Texas, 249; Ross v. Kornrumpf, 64 Texas, 390.

A telephone company has a right to require payment at its own office.   Magruder v. Cumberland Tel. Co., 46 So., 404, 16 L. R. A., 560; 22 Am. & Eng. Ency. Law, 2d ed., 533; Jones on Tel. & Tel., pars. 333, 352.

*Geo. Q. McCracken,* for appellee.—Under allegations of actual damages: Ball v. Britton, 58 Texas, 63; Smith v. Sherwood, 2 Texas, 463; Graham v. Roder, 5 Texas, 149; Cole v. Tucker, 6 Texas, 268; Cook v. Garza, 9 Texas, 360; Kolb v. Blankhead, 18 Texas, 228; Champion v. Vincent, 20 Texas, 816; Gordon v. Jones, 27 Texas, 622; Hays v. Houston & G. N. R. Co., 46 Texas, 280; Southern Cotton Press Co. v. Bradley, 52 Texas, 599; Flanagan v. Perry, 64 Texas, 50; Freiberg v. Elliott, 8 S. W., 322; Hooks v. Fitzenreiter, 76 Texas, 279; Gulf, C. & S. F. Ry. Co. v. Levy, 59 Texas, 543; Gross v. Hays, 73 Texas, 515; Heiligmann v. Rose, 81 Texas, 222; Brooks v. Clark, 57 Texas, 105; Moore v. Anderson, 30 Texas, 230; Glasscock v. Shell, 57 Texas, 215; 30 Cyc., 1224, and notes.

Under allegations of exemplary damages: Moore v. Anderson, 30 Texas, 230; Henderson v. San Antonio & M. G. Ry. Co., 17 Texas, 560; Echols v. Dodd, 20 Texas, 195; St. Louis S. W. Ry. Co. v. Thompson, 108 S. W., 453; El Paso & N. E. Ry. Co. v. Sawyer, 56 Texas Civ. App., 195; Citizens' Ry. Co. v. Griffin, 49 Texas Civ. App., 569; Fisk v. Holden, 17 Texas, 414; Dotsen v. Moss, 58 Texas, 155; Suggs v. Terry, 34 S. W., 354; Missouri Pac. Ry. Co. v. Cornwell, 70

Texas, 612; Boone v. Miller, 73 Texas, 562; Rousel v. Stanger, 73 Texas, 673; State v. Nebraska Tel. Co., 22 N. W., 237; Dobson v. Postal Tel. Co., 60 S. E., 948; Anderson v. International ·Harvester Co., 116 N. W., 101; White v. Metropolitan St. Ry. Co., 112 S. W., 278.

PLEASANTS, CHIEF JUSTICE.—We copy from appellant's brief the following sufficient statement of the nature and result of this suit:

"In this case A. D. Luckett sues the telephone company for breach of contract, claiming both actual and exemplary damages. Plaintiff alleges that he was lessee of a certain residence telephone in the city of Galveston, Texas, of and from the telephone company; and that, notwithstanding the fact that he paid the lease money which he agreed to pay, the defendant company, in violation of their contract with plaintiff, refused plaintiff telephone service and disconnected plaintiff from the central office and from other subscribers to the telephone company, resulting in loss of business to the plaintiff, who is a veterinary surgeon, the plaintiff specifying ten different persons whose patronage he lost by reason of the alleged acts of the defendant; wherefore, plaintiff claimed actual damages in the sum of $285.

"He further alleged that the acts of the servants, agents and employes of the corporation, in refusing to accord him service after an alleged tender of the lawful amount, were wilful and wanton, and that said acts were ratified by and endorsed by the defendant, by reason whereof the plaintiff sought to recover the further sum of $500 exemplary damages.

"The defendant answered by general denial, special exceptions directed against both the allegations of actual damages and exemplary damages, general denial, and special answers setting up the fact that the plaintiff was in arrears and indebted to the defendant for his telephone rent for the ·months of March, April and May, 1908, in the sum of $6, and in April plaintiff owed the defendant $4, and the defendant sent a notice requiring payment; that after the 1st of May, 1908, the defendant sent another notice, and that the plaintiff, refusing to pay his telephone rent, the company exercised its lawful right under the lease and refused further service to the plaintiff, and attempted to take the telephone instrument back into its possession, but was not allowed to do so by the plaintiff; and the defendant sought to recover judgment for at least $4 telephone rent against the plaintiff, and said that, had the plaintiff made any tender to the defendant in good faith, service would have been furnished the plaintiff upon his complying with the terms and conditions governing the defendant and their subscribers and patrons; and defendant, in its said answer, tendered plaintiff such service on terms common to other subscribers to telephones of the defendant."

The trial in the court below with a jury resulted in a verdict and judgment in favor of plaintiff in the sum of $86.25 actual and $300 exemplary damages.

It would serve no useful purpose to discuss in detail or specifically pass upon each of the thirty-seven assignments of error presented in appellant's brief, and we shall content ourselves with a brief state-

ment of the grounds upon which we have concluded that the judgment of the court below should be reversed.

In our opinion neither the pleadings nor the evidence is sufficient to sustain any recovery of exemplary damages. The cause of action alleged is the breach by appellant of its contract to furnish appellee telephone service, and the allegation that the breach was "wilful and wanton" is not sufficient to render appellant liable for exemplary damages for such breach. At common law no exemplary or punitive damages was recoverable in a suit on a contract except in actions for breach of contract of marriage.

If it be true, as thought by some of the text writers, that this rule grew out of the importance attached by the common law to forms of action, the rule has nevertheless been adopted by the courts of this State, notwithstanding the common law forms of action do not prevail under our system. In the case of Railway Co. v. Shirley, 54 Texas, 142, our Supreme Court, in discussing this question, say: "The reason of the rule that confines the recovery in suits on contract to actual damages is believed to still prevail although we have no forms of action. If, in ordinary litigation on contracts, issues as to motives and exemplary damages be allowed, the result would be greatly to increase the intricacy and uncertainty of such litigation. The exclusion of such issues in suits on contracts may be justified on the policy of limiting the uncertainties and asperities attending litigation of such issues to that class of cases in which the nature of the wrong complained of renders those issues and evils to some extent unavoidable." In the case cited it is held that a cause of action for breach of contract and for damages for a tort may be appropriately joined in one suit where both grow out of the same transaction, and if the tort was maliciously committed, or was due to the gross negligence of the defendant, exemplary damages might be recovered therefor.

In the case of Hooks v. Fitzenreiter, 76 Texas, 277, plaintiff sued for damages for breach of contract on part of defendant to furnish plaintiff a building in which to conduct a mercantile business. The petition alleged that the contract sued on was breached by the defendant "wilfully, fraudulently and with malice," and sought to recover for such breach actual and exemplary damages. Our Supreme Court held that the petition was insufficient to entitle plaintiff to recover exemplary damages. In the opinion in that case the court, after reaffirming the doctrine announced in the Shirley case, *supra,* that exemplary damages are not recoverable for breach of contract unaccompanied by tort, say: "In our State, however, the right to sue for a breach of contract and for a tort, when both grow out of the same transaction and can be properly litigated together, is recognized. It would be difficult to formulate an inflexible rule which would apply to all cases of this character. The allegations upon which the exemplary damages are sought should show that the manner in which the breach was committed by the defendant amounted to a tort for which an action would lie for exemplary damages independently of any right to recover actual damages by reason of the breach of contract alone.

"The general averment in the petition that it was done 'with malice, wilfully and fraudulently,' etc., is not sufficient for this purpose. The

facts should be stated attending the breach, so that it could be determined from them whether they constituted, as alleged by the pleader, malice and fraud, and whether the circumstances connected with the breach amounted to a tort."

If the petition in the instant case was sufficient, the judgment for exemplary damages could not be sustained because there is no evidence to support the verdict of the jury upon this issue. There is no testimony tending to show fraud or malice on the part of appellant's agents in refusing to continue to furnish appellee telephone service, and the undisputed evidence shows that no tort or trespass of any kind was committed by appellant's employes in discontinuing such service.

The contract upon which appellee sued was executed on January 31, 1907, and by its terms appellant agreed and contracted, in consideration of the promise and agreement of appellee, to pay it the sum of $2 per month, that it would furnish appellee with a telephone and give him telephone connection with and over the lines of appellant's telephone exchange in the city of Galveston for one year, and that at the expiration of the year the lease should be considered renewed from month to month upon the payment by appellee of the sum of $2 per month in advance. The evidence shows that the contract for one year's service was duly complied with by both parties.

On March 1, 1908, appellant made out and sent to appellee the following bill:

"Galveston, Texas.

No. ......       All Bills Payable in Advance.

March 1, 1908.

Luckett, Dr. A. D., 2720 Ave. P.
    To the Southwestern Telegraph & Telephone Company., Dr.
    Balance Due of Bills Previously Rendered ..........
To rental of Telephone Instrument and Exchange, service month ending Mar. 31, 1908..................................$2.00
    Please remit."

Appellee paid this bill on March 3, 1908, and it was duly receipted by appellant.

Thereafter, on April 1, 1908, appellant sent appellee a bill for $2 for the month of April. Some time after the receipt of this bill appellee went to the office of appellant and informed the manager that he had paid the March bill, and would not pay it again, but offered to pay the $2 for April. Upon being shown the receipted bill appellant's manager claimed that the books of the company showed that the payment of $2 in March was due it for February rent of appellee's telephone, and was so credited on the books, and refused to accept the $2 as payment for April. Appellee claims that he paid the February bill when it became due, but he was unable to produce any receipt therefor, and upon cross-examination admitted that, while he believed he had paid it, he might not have done so. Appellant's manager testified that when appellee offered to pay the $2 he refused to accept it as payment in full of the amount due by appellee, but told him he

would credit the amount to his account on the books, and that, unless the account was paid, the service would be discontinued. No further payment was made by appellee, and his telephone was thereafter disconnected and further service refused him by appellant.

There is a conflict in the testimony as to when the service was discontinued. Appellee testified that his telephone was disconnected on the 8th of April and appellant's witnesses fix the date as the 8th or 9th of May.

Appellee and his wife both testified that when appellant's lineman came to their home on April 8th for the purpose of removing the telephone appellee tendered him the sum of $6 as advance payment for three months' rent for the telephone, for the months of April, May and June, 1908. The lineman denied that such tender was made, and the undisputed evidence shows that this employe of the company had no authority to receive money for the company or to make any contract on its behalf. Appellee never permitted the telephone to be removed from his house.

Appellee also testified that on the 10th of April he rang up the office of the telephone company from Mr. Phipps' livery stable and informed some one in the office, who he thought was the bookkeeper, Mr. Armstrong, that he wanted his telephone service restored, and would pay three months in advance, and requested that the company send to the livery stable for the money, and that he was answered over the telephone by some one in appellant's office that they would send for the money at two o'clock that evening. Appellee left the money at the livery stable but it was not sent for by appellant. Mr. Phipps testified "that, somewhere before or along in May, 1908," he called up the telephone office and asked the lady who answered the telephone to inform the manager that Dr. Luckett had left the money with him to pay for his telephone service, and was answered that the matter would be attended to, but no one ever came for it. Appellant's manager testified that he never heard of this conversation over the telephone, and so far as he knew no one in the office of the company had such conversation with the appellee or with Mr. Phipps.

Under the terms of the contract before stated it became, after the expiration of one year, only a contract for one month's service, renewable each month upon the payment in advance by appellee of the monthly rental of $2. It follows that if no payment was made or tendered in advance for the month succeeding the last one paid for, the contract terminated, and appellant could discontinue the service without incurring any liability therefor.

Upon the question of whether the appellant had breached its contract with appellee by disconnecting the telephone service, the only issue submitted to the jury was whether appellee had paid the bill for February for the use of his telephone, and the jury were told that if this bill was paid they should find for the plaintiff, and if this February bill had not been paid they should find for the defendant.

This charge is manifestly erroneous. If the plaintiff had paid the February rent and had tendered the money for April, which was refused, but had made no tender of the rent for May, and the service

was not discontinued until May the 8th or 9th, as testified by appellant's manager, appellant did not breach its contract by discontinuing the service. On the other hand, appellee having paid for the month of March, the contract was renewed for that month, and if he tendered the $2 for April when it became due, and the $2 for May when it became due, appellant had no right to refuse him service for those months because he owed appellant for the month of February. The contract gave appellant no such right, and if it had, we do not think a public service corporation of this kind could refuse to furnish service to any one who offers to pay the legal or customary charge for such service on the ground that such person owed the corporation for past services which he had refused or failed to pay. As before shown, the evidence was conflicting on the question of whether the service was discontinued in May or April, and also on the question of whether there was any tender made by the appellee of the May rent, both of these issues should have been submitted to the jury, and if they should find that the service was not discontinued until after the first of May, and that no tender of the May rent was made by appellee, appellant would not be liable for any damage caused appellee by discontinuing the service. The offer of appellee to pay the lineman was ineffectual as a tender of the amount due for May. The lineman was not authorized to receive the money for the company, and therefore a tender to him was not a tender to the appellant.

Appellant was not required by its contract to send to the livery stable to collect the amount due by appellee, but if it agreed to send there for the money it waived the right to require payment at its office, and if appellee left the money for the May rent at that place under such agreement with appellant, this was a sufficient compliance with his contract to entitle him to telephone service for that month. We think the testimony of appellee and the witness Phipps, that they called over the telephone from Phipps' stable for the appellant's office, and appellant's exchange operator gave them connection with some telephone from which an answer was received purporting to come from said office, shows, prima facie at least as against appellant, that said witnesses were placed in communication with that office. This fact being shown, the answer received from said office over the telephone in reply to said witnesses' statements and request in regard to a matter within the authority of the manager or other person in charge of said office, should, in the absence of evidence to the contrary, be presumed to have been made by some one authorized by the appellant to reply to the request or message so communicated to its office. The testimony of appellant's manager that he had no knowledge of such communication was not, as a matter of law, sufficient to overcome this presumption, and the question of whether some one in said office authorized to make said answer did, in fact, make same, was one for the jury. Missouri Pac. Ry. Co. v. Heidenheimer, 82 Texas, 201; Knickerbocker Ice Co. v. Gardiner Dairy Co., 69 Atl., 405; Rock Island & P. Ry. Co. v. Potter, 36 Ill. App., 590; Wigmore on Evidence, par. 2185.

The receipt given appellee, which is above copied, purports to be more than a receipt for the March bill, and contains, in effect, a state-

ment that all previous bills for rent due by appellee had been paid. As so construed, this receipt was prima facie evidence that plaintiff had paid his February bill, and if no other evidence had been introduced upon this issue, the verdict thereon should have been for the plaintiff, but the burden of proof does not shift at any time in the trial of a cause, though, the weight of the evidence often does, and it is never permissible for the trial court in any case in which the affirmative facts necessary to sustain plaintiff's suit are controverted by any evidence offered by the defendant, to charge the jury that the burden of proof on such facts is upon the defendant. Clark v. Hills, 67 Texas, 141; Koppe v. Koppe, 57 Texas Civ. App., 204 (122 S. W., 68).

There was evidence to the effect that appellant had at times sent collectors to the places of business of the users of its telephones for the purpose of collecting the telephone rent, but the evidence was not sufficient to establish a custom of this kind binding upon appellant, and the trial judge should have not stated, in effect, in the presence and hearing of the jury, that if appellant sent a collector to one subscriber there was no reason why it should not pursue that course with all. We think such statement was well calculated to prejudice appellant's case with the jury.

The questions before discussed are the material ones presented in appellant's brief, and if any errors are shown other than those above indicated, they are not material, and are not likely to occur upon another trial.

For the reasons above given the judgment of the court below is reversed and the cause remanded, and it has been so ordered.

*Reversed and remanded.*