RUSSEK v. WIND, EMS & CO. (No. 662.)

(Court of Civil Appeals of Texas. El Paso. Feb. 15, 1917. Rehearing Denied March 8, 1917.)

1. COURTS ☞7—JURISDICTION—"TRANSITORY ACTION."

A German corporation's cause of action against a resident of Mexico on an open account for goods, wares, and merchandise was transitory, and the courts of Texas had jurisdiction over the subject-matter of the litigation.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 14, 16, 22–31.

For other definitions, see Words and Phrases, First and Second Series, Transitory Action.]

2. APPEARANCE ☞19(4)—JURISDICTION OVER PERSON.

Jurisdiction over the person of defendant, a resident of Mexico, was acquired by his appearance before the court, in person and by attorneys, and his answering to the merits.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. § 82.]

3. CORPORATIONS ☞661(3)—FOREIGN CORPORATIONS—MAINTENANCE OF SUIT—STATUTE.

Rev. St. 1911, art. 1318, providing that no foreign corporation can maintain any suit on a contract unless, when the contract was made, it had filed its articles of incorporation in the office of the secretary of state to procure its permit to do business, had no application to the case of a German corporation suing a resident of Mexico in the courts of Texas on an open account for goods sold defendant and shipped to him in Mexico from Berlin.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2539, 2542–2544, 2564.]

4. ACCOUNT, ACTION ON ☞6(3) — PLEADING IN FOREIGN LANGUAGE—TRANSLATION.

In a German corporation's suit against a resident of Mexico on an open account, the account, in a foreign language, but accompanied by an English translation, was sufficient.

[Ed. Note.—For other cases, see Account, Action on, Cent. Dig. § 10.]

5. PLEADING ☞205(3)—GENERAL DEMURRER—ITEMIZATION OF ACCOUNT.

Insufficient itemization of an account does not subject a petition to general demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 499.]

Appeal from El Paso County Court; Adrian Pool, Judge.

Suit by Wind, Ems & Co., a corporation against Jacobo I. Russek. From a judgment for plaintiff, defendant appeals. Judgment affirmed.

W. M. Coldwell, of El Paso, for appellant. R. M. Reed, of El Paso, for appellee.

HIGGINS, J. Wind, Ems & Co. brought this suit in the county court of El Paso coun-

ty against Russek upon an open account for goods, wares, and merchandise which it was alleged were sold to defendant and shipped to him at Santa Barbara, Mexico. An itemized list and prices of the items of the account was attached to the petition. This list was in a foreign language, but it was accompanied by an English translation. It was alleged that Wind, Ems & Co. was a corporation having its general place of business in the city of Berlin, Germany, and that Russek resided in the city of Parral, Mexico.

The defendant appeared by attorneys and in person. He filed an answer consisting of general and special exceptions and a general denial. The exceptions were overruled. Upon trial the court found from the testimony of the defendant himself that the account was true and correct and rendered judgment against him for the amount thereof, less a credit of $50 to which it was admitted he was entitled. From this judgment Russek appeals, assigning as error the overruling of his general demurrer. He advances three propositions, viz.:

(1) The county court of El Paso county was without jurisdiction in the cause because the petition discloses that the parties were nonresidents and did not allege that either party was to be found in said county, or that either did business in Texas, or that Russek had any property therein.

(2) That the demurrer should have been sustained because it is averred the plaintiff was a foreign corporation, and there is no allegation that it had filed its articles of incorporation with the secretary of state and obtained a permit to do business in Texas, nor did it aver any facts which would remove the case from the operation of article 1318, R. S.

(3) The demurrer should have been sustained because the itemized account was in a foreign language and the law of this state requires all pleadings to be in the English language. Our conclusions are:

[1, 2] 1. The cause of action was transitory, and the courts of this state had jurisdiction over the subject-matter of the litigation. Jurisdiction over the defendant's person was acquired by his appearance in person and by attorneys and answering to the merits. York v. State, 73 Tex. 651, 11 S. W. 869.

[3] 2. The petition does not disclose that plaintiff was transacting or soliciting business in Texas. There is nothing to show that the cause of action was in any wise based upon any transaction originating in Texas. The fair inference from the facts alleged is that the goods were shipped from Berlin, Germany. The petition sufficiently shows that article 1318, R. S., had no application. Brin v. Wachusetts Shirt Co., 43 S. W. 295; King v. Monitor Drill Co., 42 Tex. Civ. App. 288, 92 S. W. 1046; Adams v. Hardware Co., 153 S. W. 650.

[4, 5] 3. The account, being accompanied by an English translation, was sufficient. And if the account should be stricken out and entirely disregarded, the petition would be still sufficient against a general demurrer. An insufficient itemization of an account does not subject a petition to general demurrer.

Affirmed.