## CONSUMERS' LIGNITE CO. v. JAMES.
### (No. 1964.)

(Court of Civil Appeals of Texas. Texarkana. April 24, 1918. Rehearing Denied May 9, 1918.)

1. MASTER AND SERVANT ⬤⟶41(5)—WRONGFUL DISCHARGE—EXEMPLARY DAMAGES.

Generally an employé suing for unwarranted discharge as breach of contract cannot recover exemplary damages.

2. MASTER AND SERVANT ⬤⟶39(1)—PLEADING.

An employé suing for wrongful discharge as breach of contract, who failed to plead expenses incurred in effort to secure other employment, could not recover such expenses, though testimony showed the amount thereof.

3. MASTER AND SERVANT ⬤⟶41(1) — WRONGFUL DISCHARGE—MEASURE OF DAMAGES.

An employé suing for breach of contract of employment may recover difference between contract salary and amount paid him by the employer, plus other amounts earned during the term.

Appeal from Wood County Court; R. E. Bozeman, Judge.

Action by William S. James against the Consumers' Lignite Company. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

In his petition appellee, plaintiff in the court below, alleged that he was employed by appellant to work for it as a bookkeeper for a period of not less than one year from December 1, 1915, "at a salary of $1,000 per year, payable in twelve equal monthly installments at the end of each month." He then alleged that appellant on June 25, 1916, in violation of its contract and without excuse for so doing, summarily discharged him, and refused thereafterwards to make the monthly payments it had agreed to make to him, whereby he was damaged in the sum of $416.65. Appellee further alleged, as a basis for exemplary damages which he sought to recover of appellant, that:

---

"His summary dismissal by defendant was intentional and willful and without just cause of complaint. That he requested it why he was thus dismissed so that he might be able to clear and rectify any misunderstanding or misapprehension on defendant's part, and explained to defendant that he was financially embarrassed and that it would be difficult and uncertain whether he could obtain other employment of a like kind and character, all of which defendant knew; but that defendant ignored his request and refused to assign any reason why he was thus discharged. That defendant's management had been changed, and one George L. Speer had assumed the duties as general manager of defendant's business, and plaintiff verily believes and alleges as a fact that said manager favored other employés over plaintiff and wanted to cast him out simply and alone because he was employed by the predecessor manager of defendant. That said defendant, through its said manager George L. Speer, thus acted toward the plaintiff intentionally for the purpose of damaging him and refused to assign any reason why it had discharged him in order that he could not get other employment of a similar character in the vicinity in which he was thus working, thereby causing plaintiff to seek similar work in other localities and at distant places, and thus did defendant seek a system of 'freezing out' plaintiff and placing him beyond this jurisdiction where he could not conveniently file suit against it for damages. As a result of defendant's said acts, plaintiff was compelled to borrow money in order that he might get out and secure other employment. That he was not acquainted in this community and did not know whether he could successfully borrow money to maintain himself while he was seeking other employment. That defendant well knew his situation and resorted to the aforesaid scheme to defraud plaintiff and injure him, and did injure him, and by reason of its intentional and malicious acts it damaged him in the sum of $500."

In its answer appellant specially excepted to the petition so far as it was for the recovery of exemplary damages, and charged that appellee himself breached the contract, in that:

"He failed, refused, and neglected to properly perform his duties," and "was inefficient and incompetent and failed and refused to carry out the directions and instructions of his superior officers in the discharge of his duties, but insisted that he could not be directed how to work, but would do his work as he chose and would only work such hours as he wanted to."

The appeal is from a judgment in accordance with the verdict of a jury, in appellee's favor, against appellant, for $185 actual and $190 exemplary damages.

Jones & Jones, of Kerrville, for appellant. W. W. Campbell, of Houston, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] The assignments predicated on the action of the trial court (1) in overruling appellant's exception to the petition so far as it was for a recovery of exemplary damages, (2) in instructing the jury, on conditions specified, to find in appellee's favor for such damages, and (3) in refusing requested special charges to find against appellee on his claim for such damages, will be sustained. It did not appear from the allegations in the petition, or the testimony heard, that the case was within any exception to the general rule which denies a right of recovery of exemplary damages for the breach of a contract. 3 Elliott on Contracts, § 2124; Railway Co. v. Shirley, 54 Tex. 125; Burnett v. Edling, 19 Tex. Civ. App. 711, 48 S. W. 775; Tel. Co. v. Luckett, 60 Tex. Civ. App. 117, 127 S. W. 856; Ins. Co. v. Ross, 170 S. W. 1062.

[2, 3] The contention that the judgment for $185 as actual damage is excessive is supported by the record, unless appellee was entitled to recover on account of expense incurred by him in the effort he made to secure employment he finally obtained. It appears from his petition that he did not seek a recovery of such expense. There was therefore no basis in his pleadings for a recovery on that account, and none should have been awarded him even if the amount of such expense had sufficiently appeared from the testimony. It was shown that two months after appellee ceased to work for appellant at $83.33 per month he began, and thereafterwards for longer than a year continued, to work for other parties at $90 per month. He admitted he was indebted to appellant in the sum of $21.48 at the time he ceased to work for it. The $568.27 paid him by appellant for six months and twenty-five days' work, added to the $285 paid him by his new employers for three months and five days' work, made a total of $853.27 received by him for his services for the year covered by his contract with appellant. That amount, deducted from $1,000, the amount appellant agreed to pay him for the year's work, left $146.73 as the difference between the sum he was entitled to demand and receive of appellant and the sum he did receive for the year's work. The judgment, it seems, should have been in his favor for said sum of $146.73 less the $21.48 he owed appellant; that is, for the sum of $125.25. It will be reformed so as to award him a recovery of only said sum of $125.25, and as so reformed will be affirmed.