McCLINTIC v. BROWN. (No. 9072.)

(Court of Civil Appeals of Texas. Ft. Worth. March 22, 1919.)

1. APPEAL AND ERROR ⚖=282—NECESSITY OF MOTION FOR NEW TRIAL—TRIAL BY COURT— FILING OF FINDINGS AND CONCLUSIONS— EXCEPTIONS.

When the trial is before the court without a jury, the appellant is not required to file a motion for new trial presenting alleged errors as a prerequisite to urging them in the appellate court, where the court has filed his findings of fact and conclusions of law, and exceptions have been taken.

2. LANDLORD AND TENANT ⚖=226—CHANGE— DEFENDANT'S PRIVILEGE TO SUE—SUITS FOR "RENT."

Where the court found that the defendant was at no time a resident of the county of venue, and that the contract between plaintiff and defendant was a pasturage contract only, and that defendant did not rent plaintiff's land, Rev. St. 1911, art. 2308, § 5, providing that suits for recovery of rent may be brought in the county in which the rented premises or part thereof are situated, did not authorize plaintiff to sue in such county (citing Words and Phrases, First and Second Series, Rent).

3. ABATEMENT AND REVIVAL ⚖=81—PLEA OF PRIVILEGE — WAIVER — FILING CROSS-ACTION.

While defendant does not waive his plea of privilege to be sued in the county of his residence by pleading generally to the merits, subject to the plea, his privilege is waived by filing a cross-action demanding affirmative relief.

4. PLEADING ⚖=110—PLEA OF PRIVILEGE— WAIVER—ASKING AFFIRMATIVE RELIEF.

If defendant's pleading as a whole conclusively shows he does not intend to waive his plea of special privilege for change of venue, no waiver should be held because he did not specifically state that his plea to the merits was subject to such plea of privilege being overruled; but where he alleges a duty, a subsequent breach thereof on plaintiff's part, loss suffered thereby, specifies the nature and amount of damages, and asks affirmative relief, he waives his plea of special privilege.

5. PLEADING ⚖=110—WAIVER OF PRIVILEGE—ASKING AFFIRMATIVE RELIEF.

Where defendant, following his allegations of a duty and breach thereof on plaintiff's part, and consequent damage to defendant, prayed for affirmative relief, and the pleading was sufficient to have sustained the judgment on defendant's plea in reconvention, he must be held to have asked affirmative relief in a manner to waive his plea of privilege or change of venue.

6. APPEAL AND ERROR ⚖=934(1)—PRESUMPTIONS IN FAVOR OF JUDGMENT.

Every reasonable presumption should be indulged in favor of a judgment.

Appeal from Parker County Court; E. A. Swofford, Judge.

Suit by W. M. Brown against George T. McClintic. From a judgment for plaintiff, defendant appeals. Affirmed.

Jim L. McCall, of Weatherford, for appellant.

Preston Martin, of Weatherford, for appellee.

BUCK, J. [1] The objection by appellee to the consideration of appellant's assignments, because no motion for new trial was filed in the court below, and hence the alleged errors presented by these assignments were not there urged or called to the attention of the trial court, is not well taken. When the trial below is before the court, the appellant is not required to file a motion for new trial presenting alleged errors as a prerequisite to urging such errors in the appellate court, where the court has filed his findings of fact and conclusions of law, and exceptions have been taken, as in this case. Dees v. Thompson, 166 S. W. 56; American, etc., v. Mercedes Plantation Co., 155 S. W. 286; Cooney v. Dandridge, 158 S. W. 177; Moore v. Rabb, 159 S. W. 85; City of Ft. Worth v. Burton, 193 S. W. 228; Craver v. Greer, 107 Tex. 356, 179 S. W. 862; Hess & Skinner Engineering Co. v. Turney et al. (Sup.), 203 S. W. 593. The authorities cited by appellee in support of his objection are cases where there was a jury, or where a motion for new trial was in fact filed, and a variance was presented between the assignments filed below and those presented in the brief.

[2] The trial court found that defendant's plea of privilege to be sued in Midland County, the county of his residence, was supported by the evidence, and should have been sustained, except for the fact that defendant had waived such right by pleading to the merits. Plaintiff claimed venue in Parker county by reason of section 5, art. 2308, Rev. Civ. Stats., which provides that—

"Suits for the recovery of rents may be brought in the county and precinct in which the rented premises, or a part thereof, are situated."

Plaintiff's original petition in the county court alleged:

"That plaintiff is the owner of a certain farm and pasture situated in Parker county, Texas, and heretofore, on or about the —— day of September, the defendant rented pasture from plaintiff, and placed on plaintiff's farm and pasture about 37 head of horses, and agreed to pay pasturage and rent on said horses for the use of the grass and feed stuff on same eaten by defendant's horses," etc.

The court found that defendant was at no time a resident of Parker county, and that

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the contract between plaintiff and defendant was a pasturage contract only, and that defendant did not rent plaintiff's land; plaintiff remaining on and retaining possession of the premises. We conclude that the trial court did not err in holding that such facts did not authorize the maintenance of the suit in the precinct and county where the premises were situated, under the section and article above quoted. Good v. Caldwell, 11 Tex. Civ. App. 515, 33 S. W. 243; Shartenberg v. Ellbey, 27 R. I. 414, 62 Atl. 981, cited in W. & P. vol. 4, p. 269; 34 Cyc. 1335; Noyes v. Stillman, 24 Conn. 15, 24.

[3] Therefore, we come to the question whether by his pleadings defendant waived his right to be sued in the county and precinct of his residence. While defendant does not waive his plea of privilege by pleading generally to the merits, subject to the plea, his plea of privilege is waived by the filing of a cross-action demanding affirmative relief. Kolp v. Shrader, 131 S. W. 860, and cases there cited, including Douglas v. Baker, 79 Tex. 499, 504, 15 S. W. 801. In the reply of defendant to plaintiff's controverting plea, the following language is used:

"That if there was any contract between plaintiff and defendant, plaintiff agreed to pasture 37 head of horses belonging to defendant at $1 per head per month; that plaintiff agreed to furnish good and sufficient pasturage to said horses to keep said stock in an improving condition; that said plaintiff did not furnish said pasturage for said stock as contracted, but the plaintiff, remaining in possession and control of said premises, without the knowledge and consent of defendant, placed great numbers of other stock on said premises, and caused all of the grass to be eaten and defendant's stock to suffer to die; that by reason of plaintiff's overstocking said pasture defendant lost two or more horses to the value of $140 or more, and the remainder of said stock were damaged to the extent of $60 or more, all to the plaintiff's [defendant's] great damage of $200, or more."

Then follows a paragraph alleging defendant's residence to be in Midland county, and that none of the exceptions to exclusive venue in the county of defendant's residence exist in this case, etc. The prayer is as follows:

"Wherefore defendant prays that his plea of privilege be sustained and that plaintiff's suit be moved to Midland county, Texas, precinct No. 1, for further proceedings, and for general and special relief."

[4-6] It is evident that defendant alleges in his reply facts which would sustain a cross-action for damages. He alleges a duty and a subsequent breach thereof on plaintiff's part, and a loss suffered thereby by defendant, and specifies the nature and amount of damages. Phœnix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S. W. 707; Johnson v. King, 64 Tex. 226; Short v. Hepburn, 89

Tex. 622, 35 S. W. 1056. In the case last cited it is said:

"In the case of Ellis v. Singletary, 45 Tex. 27, the defendant by a special plea set up matter which, if alleged in an original action, with a prayer for general relief, would have entitled him to foreclosure of the lien of notes described in the plea upon the land in question; but the court held in that case that he was not entitled to have his lien foreclosed upon the allegations of that plea, because the matter alleged was such as might properly be set up as a defense to the plaintiff's action and as explanatory of the circumstances under which his rights accrued," etc.

Appellant here urges that the allegations as to breach on the part of plaintiff and damages to defendant in the reply above mentioned should be so construed, and that they are merely explanatory of the contract, to show that it was not a rental contract. Doubtless some of the allegations, such as that plaintiff agreed to furnish sufficient pasturage for the stock at so much per head, that plaintiff remained in possession of the premises, etc., may properly be so classed. But we hardly think the allegations as to the loss of certain of the horses and the damage to others by reason of plaintiff's breach may be so construed. In Hoodless v. Winter, 80 Tex. 638, 641, 16 S. W. 427, 428, it is said:

"The defendant must not only pray for affirmative relief, but he must state facts showing that he has a cause of action."

In Short v. Hepburn, supra, the court discusses the cases of Hoodless v. Winter and Ellis v. Singletary, supra, and upholds them, because in those cases—

"the pleading indicated an intention to use the legal and equitable title alleged defensively, and not offensively, and therefore the plea was not good as a cross-bill or plea in reconvention."

In York v. State, 73 Tex. 651, 11 S. W. 869, it was held that a nonresident, upon whom no valid personal service had been had, waived his privilege to be sued in the county and state of his residence by filing any defensive pleading, even though his appearance was special and declared to be restricted to the sole purpose of presenting and having acted upon his plea to the jurisdiction of the court over his person. This case has been followed generally by the courts in this state, but in spite of some expressions in later cases, tending to enlarge the scope of the holding in the York Case, we understand that the rule is that, if the defendant pleads in due order, he does not waive his right to be sued in the county of his residence by filing purely defensive pleas following and subject to action on his plea of privilege. In the case of Russek v. Wind, Ems & Co., 192 S. W. 584, the York Case was

referred to, and cited in support of the conclusion that where a cause of action was transitory, and courts of this state had jurisdiction over the subject-matter of the litigation, jurisdiction over the defendant's person was acquired by his appearance in person and by attorneys and answering to the merits. In Railway Co. v. Ayers, 192 S. W. 310, the scope of the York Case was limited, properly we think, to a holding that where a defendant submitted its person to the jurisdiction of the Texas court, by its action in filing a plea of privilege and answer to the merits after the suggestion of the amici curiæ had been overruled, that defendant had made its appearance for all purposes. We think the rule to be held in Kolp v. Shrader, and Douglas v. Baker, supra. In Hagood v. Dial, 43 Tex. 625, 627, it is said:

"Whilst the privilege of being sued only in the county of his residence, which our statute, with specified exceptions, gives a defendant, is waived, if not asserted before answering to the merits, we think it is not waived where * * * the plea asserting it was filed contemporaneously with other defenses. It was held very early by this court that the common-law rules of pleading were inapplicable under our system to this plea. Richardson and Wife v. Pruitt, 3 Tex. 228. It is evident that the defendant did not intend by his exceptions and pleas to the merits to waive his privilege which he had already asserted, and we think that as to this point the court ruled correctly."

We conclude, from this case and others of similar import, because we believe the conclusion to be in harmony with sound reasoning and with the spirit of the statutes relating to venue and pleas of privilege, that it is not prerequisite that a defendant, in order to retain the benefit of his plea of privilege, state in so many words that 'the subsequent plea to the merits is subject to his plea of privilege. If the pleading as a whole conclusively shows that the defendant does not intend to waive, but, on the other hand, insists upon, his plea of privilege urged, no waiver should be held because he did not specifically state that his plea to the merits was subject to his plea of privilege being overruled. But if, in connection with the plea of privilege, the defendant invokes the jurisdiction of the court to grant him affirmative relief, he must be held to have waived his plea of privilege. We conclude that we would have to give a strained and unwarranted construction to the pleading, and especially to the prayer, to hold that defendant did not under his prayer for general relief, following his allegations of a duty and breach on plaintiff's part, and consequent damage to defendant, ask for affirmative relief. Undoubtedly such pleading would have sustained a judgment on defendant's plea in reconvention, which is the test. Every reasonable presumption should be indulged in favor of the judgment.

Hence we overrule all of appellant's assignments and affirm the judgment.