## CROUCH et al. v. RAMIREZ. (No. 7283.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 4, 1925.)

Damages ⊙═89(2)—Allowance of exemplary damages for failure to promptly pay contract price held error.

Allowance of exemplary damages, as penalty for failure to pay contract price of drilling well, *held* error.

Error from District Court, Duval County; Hood Boone, Judge.

Suit by Domingo Ramirez against Jack Crouch and others. Judgment for plaintiff, and defendants bring error. Reversed and rendered.

Gordon Gibson, of Laredo, for plaintiffs in error.

J. F. Clarkson, of San Diego, for defendant in error.

COBBS, J. This suit was brought by defendant in error to recover of plaintiffs in error the sum of $231.50, the contract price of drilling a water well for plaintiffs in error, and $100 special and extra damages for failure of plaintiffs in error to pay the contract price, and the further sum of $100 exemplary damages for failure to pay the contract price promptly. The plaintiffs in error made no answer and a judgment was rendered by the court against them for $531.-50.

The only amount that could be recovered was the contract price for the work and so forth done on the well, which was here only $231.50, plus interest. No exemplary damages can be assessed as a penalty for the simple failure to pay the contract price. Close v. Fields, 13 Tex. 623; Oppenheimer v. Fritter, 3 Willson, Civ. Cas. Ct. App. § 263; Good v. Caldwell, 11 Tex. Civ. App. 515, 33 S. W. 243; Hale v. Bonner, 82 Tex. 33, 17 S. W. 605, 14 L. R. A. 336, 27 Am. St. Rep. 850; Hooks v. Fitzenrieter, 76 Tex. 277, 13 S. W. 230; Oklahoma Fire Ins. Co. v. Ross (Tex. Civ. App.) 170 S. W. 1062; S. W. T. & T. Co. v. Lockett, 60 Tex. Civ. App. 117, 127 S. W. 856; Harmon v. Callahan (Tex. Civ. App.) 35 S. W. 705; Gibson v. St. Anthony Hotel Co. (Tex. Civ. App.) 198 S. W. 412.

The error committed in allowing the damages sued for is fundamental. Plaintiffs in error, however, in their brief, say:

"The Crouch boys never disputed Ramirez's debt. Did not attempt to avoid it in court. They trusted in the district court to give judgment only for what was actually due. By inadvertence that court failed to give proper consideration to the pleadings and thus this case comes before your honors.

"I ask that judgment of the district court be reversed and the cause remanded to the district court, or, in the alternative, that the judgment be reformed and reduced to the contract price of $231.50, and that plaintiffs in error be awarded costs in this court and below."

The court committed error in the judgment. Plaintiffs in error request the court not to reverse and remand, but to render the proper judgment that should have been rendered by the trial court. Defendant in error has filed no brief.

For the error pointed out the judgment of the trial court is reversed, and judgment is here rendered against plaintiffs in error for the sum of $231.50, with 6 per cent. interest to be added thereto. All costs are ordered to be taxed against defendant in error.

Reversed and rendered.