MIDDLETON HOOKS v. CHARLES FITZENRIETER.

No. 2732.

1. **Malice and Fraud in Violating Contract—Tort.**—The right to sue for a breach of a contract and for a tort, when both grow out of the same transaction and can be properly litigated together, is recognized by our courts.

2.  **Same—Pleading.**—The general averment stating the breach of the contract, the basis of the action, and that it was done "with malice, willfully, and fraudulently," is insufficient to recover exemplary damages for the breach of such contract.

3.  **Same.**—The facts should be stated attending the breach, so that it could be ascertained from them whether they constituted malice and fraud, and whether the circumstances connected with the breach constituted a tort.

APPEAL from Hardin. Tried below before Hon. L. B. Hightower.

The petition alleged, substantially, that in May, 1889, plaintiff and defendant entered into a contract, by the terms of which the latter was to provide the former with a building site on the latter's premises, where the plaintiff was to erect a store house for the purpose of conducting a general mercantile business. The consideration was set forth in detail. It is further alleged that the store house was erected and the goods and merchandise purchased by plaintiff, but that before he could place them in the house defendant committed a breach of the contract by refusing to allow them to be placed in said house, and refusing to comply with the contract, and compelled plaintiff to remove said store house, and procured the Sabine & East Texas Railway Company (on whose right of way said house was erected, but which company defendant represented had authorized him to use and occupy said ground) to compel plaintiff to remove said store house.

For the breach of the contract the damages are laid at $150 actual damages; and it is further alleged that in the "breach and abrogation of said contract, and in procuring said railway company to require plaintiff to remove said store house from said right of way, the defendant acted contrary to good conscience and morals, and also acted willfully, fraudulently, and with malice," etc. Prayer for $150 actual and $2000 exemplary damages.

The petition was excepted to upon the ground that it showed that the amount of damage recoverable at law or equity was less than $200, and that the court was without jurisdiction; and also "because the petition fraudulently sought to give the court jurisdiction by alleging exemplary damages in the sum of $2000, this being that character of suit arising out of an alleged breach of ordinary contract, in which exemplary damages are not recoverable," etc.

The exceptions were sustained, and the plaintiff declining to amend, the cause was dismissed. From the judgment of dismissal this appeal is prosecuted.

*P. A. Work,* for appellant.—If the breach or nonperformance of a contract is attended with or characterized by fraud, malice, deceit, willful wrong, or oppression, and actual damage results from such breach, exemplary damages are recoverable. Graham v. Roder, 5 Texas, 141.

*Douglass & Lanier,* for appellee.—In order to recover exemplary damages for breach of a contract of the kind sued on, it must appear by direct, specific, and affirmative allegations that the defendant and not some one else caused the breach, and in addition that at the inception or making of the contract defendant acted deceitfully or fraudulently. Either fraud or deceit conceived after the consummation thereof, or others causing a breach of the contract, will not confer the right to recover such exemplary damages. Railway v. Shirley, 54 Texas, 142, 148; Bige. on Fraud, pp. 180, 181; Hall v. York, 22 Texas, 641; Neill v. Newton, 24 Texas, 202; Railway v. Hill, 63 Texas, 381; Brown v. Bacon, 63 Texas, 597; 2 W. & W. Con. Rep., sec. 1134; Id., secs. 193–95.

HOBBY, JUDGE.—There was no error, we think, in sustaining the defendant's exceptions to the plaintiff's petition. It alleged with particularity the contract entered into between plaintiff and defendant; its breach by the latter, for which actual damages were claimed in the sum of $150. It does not appear whether the contract was in writing or verbal. The breach was further alleged to have been committed by the defendant "willfully, fraudulently, and with malice," for which exemplary damages were sought in the sum of $2000. The claim for actual damages being for an amount less than $200, it was therefore not within the jurisdiction of the court, unless the averments were sufficient to entitle plaintiff to a recovery for exemplary damages, which were claimed in the sum of $2000. Whether they were sufficient to authorize such a recovery is the question in the case. This question has been discussed in several cases. In the case of Rich v. Railway, 87 New York, 390, it was elaborately treated.

There is high authority for the doctrine that "the allowance of exemplary damages for the breach of a contract is a departure from the true principles of the law of damages and of public policy." Field on Dam., p. 28, note; Railway v. Shirley, 54 Texas, 148.

In our State, however, the right to sue for "a breach of a contract and for a tort, when both grow out of the same transaction and can be properly litigated together," is recognized. Id.

It would be difficult to formulate an inflexible rule which would apply to all cases of this character.

The allegations upon which the exemplary damages are sought should show that the manner in which the breach was committed by the defendant amounted to a tort for which an action would lie for exemplary damages, independently of any right to recover actual damages by reason of the breach of contract alone.

The general averments in the petition before us, that it was done "with malice, willfully, and fraudulently," etc., are not sufficient for this purpose. The facts should be stated attending the breach, so that it could be

ascertained from them whether they constituted, as alleged by the pleader, malice and fraud, and whether the circumstances connected with the breach amounted to a tort. At common law no such recovery could be had of exemplary damages for the breach of a contract, except in cases of breach of promise of marriage.

In many cases now against common carriers they are recoverable to a great extent by reason of the supposed violation of some duty springing out of the relation between the parties.

The judgment in the case, we think, should be affirmed.

*Affirmed.*

Adopted February 25, 1890.