## WERKHEISER-POLK MILL COMPANY v. H. H. LANGFORD ET AL.

### Decided June 3, 1908.

**Shipper and Consignee—Conversion—Exemplary Damages.**

A milling company to which a dealer had shipped cars of grain with draft for the price accompanying the bill of lading, took possession and converted it, having made bond to protect the carrier in the amount of the draft; this it refused to pay to the shipper except on allowance of offset of its claims for damages arising out of previous shipments; such claim was found, upon sufficient evidence, to be unwarranted. Held that the unlawful taking and conversion of the property with the intent of forcing an allowance of its claim for offset was ground for exemplary damages, though the claim to such offset was not fictitious, but made in good faith. San Antonio & A. P. Ry. Co. v. Kniffen, 4 Texas Civ. App., 484, followed.

Appeal from the District Court of McLennan County. Tried below before Hon. Marshall Surratt.

*Banks & Hair,* for appellant.—The evidence did not fairly raise the issue of appellant's liability for exemplary damages. Under the evidence it was the duty of the court to have set aside the verdict in so far as it found against the appellant for exemplary damages. Connor v. Sewell, 90 Texas, 275; Smith v. Sherwood, 2 Texas, 462; Bradshaw v. Buchanan, 50 Texas, 492; Brown v. Tyler, 34 Texas, 169; Galveston, H. & S. A. Ry. Co. v. Dunlavy, 56 Texas, 256; Vance v. Lindsey, 60 Texas, 286; San Antonio & A. P. Ry. Co. v. Kniffin, 4 Texas Civ. App., 484; Missouri P. Ry. Co. v. Platzer, 73 Texas, 124; Ladd v. Ney, 36 Texas Civ. App., 201; Moore v. Boothe, 39 Texas Civ. App., 339; Woldert Grocery Co. v. Veltman, 83 S. W., 224; Texas & P. Ry. Co. v. Scoggin, 40 Texas Civ. App., 526; Dorsey Printing Co. v. Gainesville, etc., Gin Co., 25 Texas Civ. App., 456.

There being no evidence that appellant's claim was fictitious, or that appellant procured possession of the oats in question for the purpose of coercing plaintiff, or to use the advantage thereby acquired to force plaintiff to pay appellant a false and fictitious claim, the charge of the court was wrong and was calculated to mislead the jury to appellant's prejudice and injury. Same authorities.

*J. E. Stratton,* for appellee.—The act of conversion of the oats sued for, having been committed by appellee in wanton and wilful disregard of the rights of appellee, or in such oppressive manner as to show gross negligence, or by fraudulently acquiring the possession of the converted property and without the consent of appellee appropriating same, renders appellant subject to exemplary damages in either event, and in this case it was the duty of the court under the evidence and pleadings to submit such issue to the jury, and his action in so doing was not error. Jacobs-Bernheim v. Crum, 62 Texas, 415; Erie Tel. & Tel. Co. v. Kennedy, 80 Texas, 73; Gary v. Express Co., 40 S. W., 845; Alderson v. Gulf, C. & S. F. Ry. Co., 23 S. W., 617; San Antonio & A. P. Ry. Co. v. Kniffen, 4 Texas Civ. App., 484; Jackson v. Poteet, 14 Texas Ct. Rep., 45; Texas & P. Ry. Co. v. Curry, 2 W. & W., 453; 3 Sutherland on Damages, 930; Field on Damages, 796-797.

FISHER, CHIEF JUSTICE.—This is a suit brought by appellee Langford against the Missouri, Kansas & Texas Railway Company, of Texas, and the appellant, to recover actual and exemplary damages on account of an alleged conversion by the defendants of two carloads of oats shipped by the appellee over the road of the M., K. & T. Railway Co. to Temple, Texas, for the appellant, but to be delivered to shipper's order. One of the cars was valued at $475, and the other at $375. Plaintiff sued for $1,000 actual damages and $1,000 exemplary damages.

The case made by the plaintiff is substantially to the effect, as to pleading and evidence, that the oats was shipped to appellant and was only to be delivered to it by the Railway Company upon payment of the price therefor; that by reason of some arrangement between the Railway Company and the appellant which was wrongful and fraudulent as to the rights of appellee, the oats was delivered to the appellant by the Railway Company without payment for the same; that such arrangement under which such delivery was made was a fraudulent scheme and device between appellant and the Railway Company by which to obtain possession of the oats, and that subsequent to that time a demand for payment had been made, but the appellant refused to pay the same, for the reason given that it had a claim of about $110 against the plaintiff, on account of defective quality in other oats shipped by plaintiff to it, which claim the plaintiff alleged there was no basis for, and that it was a fraudulent device and scheme on the part of appellant to obtain possession of the oats, and to justify its wrongful, malicious and fraudulent conduct in originally obtaining possession of the oats from the Railway Company, and for thereafter refusing payment for same.

The Railway Company practically admitted its liability to the plaintiff, so far as the actual damages involved, and pleaded over against the appellant on a contract executed between the two, wherein appellant agreed to save the Railway Company harmless from any damages it might be liable for in turning over and delivering to the appellant the shipment in question and shipments of a like kind.

Vol. LI. Civil—15.

The appellant answered, asserting a claim for an offset against the plaintiff for about the sum of $110, which it claimed was due on account of defective quality, etc., in other shipments of oats received by it from the plaintiff. It denied the fraudulent scheme as alleged, denied the claim for exemplary damages, and in effect alleged that if liable at all, it was only liable for the value of the oats, less the offset pleaded.

The case was tried before a jury under charge of the court, and· a verdict and judgment resulted in favor of the plaintiff Langford in the sum of $868.52 against the appellant and the Railway Company as actual damages, and against the appellant alone for the additional sum of $250 exemplary damages, and in favor of the Railway Company over against the appellant for the actual damages recovered by the plaintiff.

The court in its charge submitted the question of actual and exemplary damages, and submitted also to the jury the question as to whether or not the appellant was entitled on the plaintiff's demand for actual damages to a credit in the sum claimed as an offset. The effect of the verdict of the jury as to this issue was a finding in favor of the plaintiff as against the appellant that it was not entitled to such sum; and under the charge of the court in submitting this issue and upon some evidence which supports it, the verdict in denying to the appellant a credit for this item could have been based upon the theory that it was a fraudulent and fictitious claim, although there is a conflict of evidence upon this question. The verdict of the jury being justified by the evidence that the appellant was not entitled to this offset or credit, eliminates all objections to the verdict and judgment as to the issue of the actual damages. Therefore, the only question that remains, as presented by the assignments, is the issue of exemplary damages.

The assignments of error upon this subject complain that the evidence was not sufficient to support a verdict against the appellant. This contention is based upon the suggestion that the preponderance of evidence shows that the plaintiff was really liable to the appellant for the offset it claimed on account of defective quality, etc., of oats sold to it by the plaintiff, or that if such was not the case, the evidence justified a conclusion that it asserted such a claim in good faith believing that it was a true and just claim ·against the plaintiff. Whilst there is much evidence in the record tending to support this theory of the appellant, the deductions that could legitimately arise from the entire evidence upon this subject would warrant a contrary conclusion; or, in other words, upon this theory of the· case the jury, from the evidence, would be justified in reaching the conclusion that there was no merit in the appellant's counterclaim, and· that that fact was known to it, and that the assertion of such pretended· claim, in connection with the manner in which the appellant obtained possession of the oats, would justify the conclusion that a fraud was practiced upon the plaintiff in obtaining and retaining possession· of the oats. Further, that, if it be conceded that the appellant in good faith believed that the plaintiff was indebted to it in the sum claimed, that that would not justify the appellant in wrongfully taking possession

of the shipment of oats without first paying therefor; and that from and by this wrongful possession, the jury could conclude that the purpose and intention upon the part of the appellant was to force the plaintiff to admit his liability, and thereby force a collection from him. Upon the subject indicated the court instructed the jury as follows:

"Now if you believe from the evidence that the claim of defendant Mill Company against the plaintiff, which said defendant has pleaded in offset of plaintiff's claim, is a fictitious and false claim, and that it was gotten up by said defendant for the purpose of trying to deceive the plaintiff and mulct funds from him falsely or fraudulently, and that it procured the possession of and converted to its own use said two cars of oats herein sued for, with the purpose and intent of not paying therefor unless the plaintiff would allow such claim, or with the purpose and intent of using the advantage thus gained by it in trying to force plaintiff to settle with it such claim, then if you so find, you will find for the plaintiff against the defendant, Werkheiser Polk Mill Company, such other and further amount as punitory or exemplary damages as in your sound judgment the circumstances in evidence would warrant, not to exceed the amount claimed by plaintiff in his petition as exemplary damages, or if you believe from the evidence that said defendant with a wanton disregard of plaintiff's rights obtained the possession of said two cars of oats with a fraudulent purpose and intent of withholding the value thereof from plaintiff until he should allow or pay the claim of defendant, then you may find for plaintiff such exemplary or punitive damages, although you may fail to find that defendant's said claim was false or fictitious; and should you find any such damages, you will state the amount in your verdict as a finding for plaintiff against the defendant, Werkheiser-Polk Mill Company, as exemplary damages."

Without discussing the evidence upon the questions presented by this charge, we have reached the conclusion that it was sufficient to justify the submission of this issue to the jury, and the finding upon that subject will not be disturbed; and we think that as to the facts and rules of law, this case is practically controlled by San Antonio & A. P. Ry. Co. v. Kniffen, 4 Texas Civ. App., 484.

There is some complaint as to the charge being upon the weight of the evidence. Construing the charge as a whole, we do not think that this contention is correct.

The fifth assignment of error complains of the action of the trial court in refusing appellant's second special instruction, which is as follows: "If you believe from the evidence that defendant Werkheiser Polk Mill Company in good faith believed that it had a just demand and claim against the plaintiff for shortage in weight or discrepancy in grade of oats, and that its counterclaim or offset against the plaintiff was made in good faith, then as to any claim for exemplary damages you must find for said defendant Werkheiser-Polk Mill Company, though you may believe that it was mistaken in the justness of said claim." This charge denies a recovery by the plaintiff on the issue of exemplary damages merely on the ground that the appellant in good faith believed in the justness of its claim. This will not do.

It leaves out of view one of the important theories upon which the verdict and judgment for exemplary damages may be sustained, and which is presented by the latter paragraph of the charge quoted, that is, if the jury believe that although they may find that the defendant's claim was not false or fictitious, but if the defendant, with a *wanton* disregard of *plaintiff's right*, obtained possession of the oats with the fraudulent intent and purpose of withholding the value thereof from the plaintiff until he should allow or pay the claim of defendant, then they could find for plaintiff upon the issue of exemplary damages.

We find no error in the record and the judgment is affirmed.

*Affirmed.*