JONES v. CITY NAT. BANK. (No. 7895.)

(Court of Civil Appeals of Texas. Ft. Worth. March 14, 1914.)

1. TROVER AND CONVERSION (§ 10*)—WHAT CONSTITUTES—RIGHTS OF CREDITOR.

Though a debtor agreed to apply the proceeds of a sale of property to the discharge of a debt, his creditor, who had no lien, is guilty of a conversion by seizing the property, without the debtor's consent, and selling it to discharge his debt; such conversion rendering the creditor liable, although reasonable care was used in disposing of the property.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 84–94; Dec. Dig. § 10.*]

2. TROVER AND CONVERSION (§ 22*)—RIGHT TO RECOVER.

In a suit for the conversion of property, the proceeds of which plaintiff had agreed to apply to the debt due defendant, plaintiff's right to recover is not dependent upon whether he would have continued to apply the proceeds to the discharge of his debt.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 152–162, 167–169; Dec. Dig. § 22.*]

3. TROVER AND CONVERSION (§ 10*)—ACTIONS —RIGHT OF RECOVERY.

Where a debtor claimed that a creditor seized his property without his consent, and did not use reasonable care in its disposition, and the creditor claimed that the debtor consented to its taking possession and disposing of the property, the debtor is entitled to recover at all events if the creditor did not exercise reasonable care in disposing of the property.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 84–94; Dec. Dig. § 10.*]

Appeal from Wise County Court; E. M. Allison, Judge.

Action by P. L. Jones against the City National Bank. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

McMurray & Gettys and Spencer & Shults, all of Decatur, for appellant. R. E. Carswell, of Decatur, for appellee.

SPEER, J. P. L. Jones instituted this suit in the county court of Wise county against the City National Bank of Decatur to recover damages for the conversion of 454 boxes of apples, alleging the market value thereof to be $908. A credit was admitted in favor of the bank, and judgment was prayed for $690.50. The defendant answered generally and specially that it had furnished to plaintiff the sum of $725 to protect a bill of lading for the car of apples, and that plaintiff had agreed to market the apples and deposit the proceeds in defendant bank until this amount was repaid, but that he had breached said agreement, and had voluntarily consented that defendant might take possession of the apples and dispose of them to the best advantage, applying the proceeds to the payment of his indebtedness. The bank further pleaded that it had disposed of said apples to the best advantage and applied the proceeds to the plaintiff's indebtedness, but that there was still lacking the sum of $200, which one J. D. Taylor, as surety for plaintiff, had paid. There was a jury trial resulting in a verdict for the defendant, and the plaintiff has appealed.

The assignment complaining of the introductory statement of the nature of the case

in the court's charge is overruled. The statement is a very fair presentation of the issues raised by the pleadings. It is true that portion relating to the defendant's plea is more voluminous than that relating to the plaintiff's petition, but not unnecessarily so, since the defendant's pleadings were themselves somewhat voluminous presenting several issues.

As to the substance of the case, the court charged as follows:

"(1) If the plaintiff, after getting possession of said apples, failed or refused to proceed with reasonable care, dispatch, and diligence to sell the same and deposit the proceeds in defendant bank, and the defendant bank, through its employés and agents, got possession of said apples and sold the same and applied the proceeds to the satisfaction of the said draft, I charge you it would not be liable to plaintiff, unless you find from the evidence that it failed to use reasonable care in the handling and sale of said apples, and that plaintiff was damaged thereby.

"(2) If you should find from the evidence that the plaintiff, after getting possession of the apples, proceeded with reasonable care and dispatch to sell said apples and deposit the proceeds as received with defendant bank, and that he would have continued to do so until said apples were disposed of, if he had not been prevented by action of defendant, and if you believe that, while he was so disposing of said apples in carrying out his contract with defendant, the bank, through its agents or employés, took possession of said apples, without the consent of plaintiff, and against his will, and sold and disposed of the same and applied the proceeds to the payment of said draft, then defendant would be liable to plaintiff for any damages or loss he may have sustained by said action of the bank under the evidence in this case, and the measure of such damages would be the difference, if any, between the fair cash market value of the apples taken by it and sold at the time of such taking and the sum of $348.91, the amount realized by the bank on said apples and credited to plaintiff.

"(3) In no event will you find for the plaintiff, unless you find upon the preponderance of the evidence that the apples were taken by the defendant from the possession of the plaintiff, without his consent and against his will."

[1] As presented to the jury appellant was unduly restricted in his right to recover. The gist of his action is that appellee wrongfully seized his apples and converted them to its own use to his damage. If these facts are established, appellant would be entitled to recover, irrespective of the fact that he was indebted to appellee, and irrespective of the fact that, after seizing the apples, appellee used reasonable care in han-

dling them. It is not the law that a creditor, without a lien, and without the consent of the owner, may seize a debtor's property and sell the same for the purpose of discharging his debt. Cont. St. Bank of Beckville v. Trabue, 150 S. W. 209; Baldwin v. Davidson, 143 S. W. 717. The implication of the charge very clearly is, and the jury doubtless understood, that appellee would not be liable to appellant for a wrongful seizure of the apples, provided it used reasonable care in disposing of them after such seizure.

[2] Appellant's criticism of the second section of the charge quoted is also well taken. It was error to make his right to recover dependent on whether the jury should think "that he would have continued" to sell the apples and deposit the proceeds as received with reasonable care and dispatch.

[3] The third paragraph of the charge quoted is further erroneous in that it denied appellant a right to recover in the event the apples were taken with his consent; but yet the appellee failed to exercise the proper care in disposing of them as it pleaded it had done. In the event of such a finding, that is, that the apples were taken with the consent of appellant, and that they were not carefully handled and disposed of, the appellant would be entitled to recover such damages as he could show.

For the errors contained in the charge, the judgment is reversed, and the cause remanded.