**HANKEY et al. v. EMPLOYER'S CASUALTY CO. et al.**

**No. 11570.**

Court of Civil Appeals of Texas. Galveston.

Nov. 11, 1943.

Rehearing Denied Dec. 16, 1943.

358

Fuchs & Fuchs, of New Braunfels, and David L. Tisinger, of Austin (Hollers & Tisinger, of Austin, of counsel), for appellants.

W. Sale Lewis and Wood & Wood, all of Austin, for appellees.

CODY, Justice.

The court sustained the defendants' plea that it appears upon the face of plaintiff's petition that, in so far as said petition exhibited a cause of action which was legally sufficient, the amount involved in plaintiff's cause of action was below the jurisdiction of the district court, and dismissed plaintiff's suit for want of jurisdiction.

The defendants other than the insurance company were alleged by plaintiff to be representatives of said company. It would serve no useful purpose, in passing upon the question of whether or not plaintiff's petition asserted a cause of action within the court's jurisdiction, to refer hereafter to the defendants other than the insurance company; so, in the interest of brevity, for the purposes of this opinion, plaintiff's suit will hereafter be treated as brought solely against one defendant—the insurance company. Valeska C. Gerlich intervened in the suit, asserting that plaintiff had assigned her an interest in his cause of action. As said intervention asserts no rights except by, through and under plaintiff, further mention of it will also be omitted.

Plaintiff sued the insurance company to recover $355 upon a policy of insurance which had been issued to him by the insurer to indemnify him against loss or damage to his automobile by reason of theft. Plaintiff also sued the insurance company, hereafter referred to as "insurer", to recover $45 which plaintiff alleged was the value of his automobile in its damaged condition when recovered after it had been stolen, and which plaintiff alleged the insurer wrongfully converted to its own use. Plaintiff also sued to recover $2,000 as exemplary damages, alleging that the insurer had wantonly, willfully, maliciously, and fraudulently converted his said automobile in its damaged condition. Apparently the court held that plaintiff's petition failed to allege any legal basis to recover exemplary damages from the insurer, and that it was impossible by amendment to allege any legal basis for the recovery of exemplary damages from the insurer, and for this reason dismissed the suit for want of jurisdiction. The plaintiff's averments with reference to the alleged conversion by the insurer of the automobile in its damaged condition, and his averments asserting the right to recover exemplary damages are all that need be considered on appeal. More fully stated, said averments were in substance as follows:

That by the terms of the policy of insurance, the insurer had the option either to pay plaintiff the agreed or appraised value of the automobile at the time it was stolen (which was March 18, 1941) and take title thereto, or to return it to plaintiff and pay him the difference between the value of the automobile when it was stolen and its value in its damaged condition when recovered. That the insurer duly elected not to take title to the automobile but to return it to plaintiff, and to pay him the amount of the damages thereto, and so notified plaintiff.

That thereafter the insurer, under pretense of trying to adjust the damages to the automobile with plaintiff, spun out time for a great while, beguiling plaintiff with tentative offers of settlement which, as often as plaintiff would indicate were acceptable to him, the insurer would withdraw, under pretense that it needed to make further investigation, and would later make a new but lower tentative offer of settlement. That the insurer's purpose in thus protracting negotiations was not to investigate values but was to deprive plaintiff of the use of his automobile and by so wrongfully depriving him of the use of an auto-

mobile, force him to ransom his automobile by accepting a settlement much less than he was entitled to under the policy of insurance. That the insurer by its dilatory tactics and persistent failure and refusal to perform its obligations, as it had elected to perform, constituted a conversion by the insurer of plaintiff's automobile. That said conversion by said fraudulent practices was wanton, willful and malicious, and authorizes the assessment of exemplary damages.

It appears by plaintiff's bill of exceptions No. 1, that he requested leave to amend his petition when his cause was ordered dismissed, and shows that his tendered amended petition added to the foregoing averments, averments which in substance alleged: That after the insurer had elected not to take title to the automobile, and while it had custody and possession of plaintiff's automobile, plaintiff demanded of the insurer that it surrender same back to him. That the insurer refused plaintiff's demand, and informed him that his demand for possession of his automobile would not be granted until he settled his claims against the insurer upon terms dictated to him by it. That the insurer converted the automobile to its unlawful purpose of forcing a settlement of plaintiff's claim under the policy of insurance upon its own claims. The aforesaid bill of exceptions shows that the court refused to permit the tendered amended pleading to be filed.

It is the insurer's position on appeal that the plaintiff's petition alleges that under the terms of the policy of insurance, the insurer had the option either to take the automobile in its damaged condition and pay the appraised value of it at the time it was stolen, or to return it in its damaged condition and pay plaintiff the amount of damages sustained in the sum of $355; and that if plaintiff's allegations be taken as true the most that he can possibly recover is $400. That according to such allegations, the insurer could keep the car and pay plaintiff $400, or return it and pay plaintiff $355.

■ The rule is that "in a case admitting of reasonable doubt as to whether the amount in controversy is within the jurisdiction, and where the plaintiff might have had reasonable ground of expectation of recovering the amount claimed, it being a sufficient amount to give jurisdiction, the case will not be dismissed for want of jurisdiction." Dwyer v. Bassett &

Bassett, 63 Tex. 274, 276. The rule is further, "In doubtful cases of this character all intendments will be in favor of the jurisdiction." Id. Again, our Supreme Court states in Pecos & N. T. R. Co. v. Rayzor, 106 Tex. 544, 172 S.W. 1103, 1105, "Where the essential jurisdictional facts are alleged, before a litigant is, upon this ground, deprived of the right to be heard in the court of his selection, it is but a reasonable requirement that, in an allegation of his petition relied upon by his adversary to defeat the very jurisdiction he is invoking, it shall appear, not doubtfully, but plainly, that the jurisdiction of the court is negatived. In any doubtful case all intendments of the plaintiff's pleading will be in favor of the jurisdiction." Complying with the rule referred to, we have construed plaintiff's petition as alleging that the insurer exercised its option not to take title to the automobile, but to return it to the plaintiff and to pay him damages; that after thus having renounced its right to take title to the automobile, it nevertheless retained possession of the automobile, etc. If such allegations be but a legal conclusion of the pleader, it gave fair notice to the insurer that plaintiff was asserting that the insurer had renounced any right to take title to the automobile and had elected to stand upon its right to return the automobile and pay damages. Rule 45 (b), Texas Rules of Civil Procedure, permits the pleading of a legal conclusion if the pleader's adversary is not misled thereby. The insurer did not specially except to plaintiff's petition on the ground that it contained legal conclusions. The petition sought to state a cause of action against the insurer for $2,400; the court held that it failed to do so, and dismissed it for failure to state a cause of action within the court's jurisdiction. This action, in effect, sustained a general demurrer to the petition, that is to say, that taking the allegations of the petition as true, the petition was insufficient to authorize a judgment against the insurer in the district court. If the petition was defective merely because the allegations plead conclusions instead of facts, the court should have permitted an amendment.

■ At common law when a defendant unlawfully detained property from a plaintiff, the plaintiff might sue him either in detinue or trover. If he sued in detinue it was because he desired to recover his property together with damages for its unlaw-

ful detention. If he sued in trover it was because he elected to treat the detention as a conversion of the property by defendant, whereby the title thereto passed to defendant as of the time of the conversion, and he recovered the value of the property at the time it was converted.

It is difficult to see how the motive with which a defendant acted when he converted a plaintiff's property to his use can render him liable for any damages other than such as will compensate plaintiff for the value of the property. For, if the plaintiff elects to legalize the wrongful detention by vesting the defendant with title thereto and suing for its value, it would seem, logically speaking, that the fact the defendant was acting from an evil motive would be as irrelevant as if the defendant was acting from the best of, if mistaken, motives. This would seem to be especially true where, as in plaintiff's petition in this case before it was amended, the evil motive with which the defendant is alleged to have detained the automobile is relied upon by plaintiff as itself constituting the act of conversion because it constituted a departure from the lawful purposes for which it admittedly could be retained.

█ A somewhat similar question was raised in Houston & T. C. R. Co. v. Shirley, 54 Tex. 125, where the appellee sought to recover damages because the appellant had been found by the jury to have breached the contract, willfully and maliciously. The court there held that whatever the rule in other states, the motives or conduct of a party in breaking his contract (except in breach of promise of marriage) cannot be considered in damages. If the failure and refusal of the defendant in this case to return the automobile as it was bound to do under the terms of the policy after it exercised its option so to do, was a mere breach of contract and not a tort, then if plaintiff is suing for damages because defendant breached the terms of the contract under which it was bound to return same after so exercising its option, then, of course, plaintiff could not recover exemplary damages by reason of the breach of its obligation under the contract of insurance.

█ A plaintiff has the right, however, to sue "for a breach of contract, and for damages for a tort, where both claims grow out of the same transaction, and * * * appropriately be litigated to-

gether". Houston & T. C. R. Co. v. Shirley, supra.

"The allegations upon which the exemplary damages are sought, should show that the manner in which the breach was committed by the defendant amounted to a tort, for which an action would lie for exemplary damages, independently of any right to recover actual damages by reason of * * * contract alone.

"The general averments * * * that it was done 'with malice, willfully, and fraudulently,' etc., are not sufficient for this purpose. The facts should be stated attending the breach, so that it could be ascertained from them whether they constituted, as alleged by the pleader, malice and fraud, and whether the circumstances connected with the breach amounted to a tort." Hooks v. Fitzenrieter, 76 Tex. 277, 279, 280, 13 S.W. 230.

█ We have no difficulty in seeing that the plaintiff in this case alleged that the defendant committed a tort against him. Neither do we have any difficulty in seeing that the plaintiff alleged facts from which it can be inferred that the insurer in detaining plaintiff's automobile acted maliciously. Our difficulty lies in the fact that the plaintiff elected to regularize the insurer's unauthorized exercise of dominion thereover, and instead of suing for damages for such unauthorized detention, treated the same as a conversion and sued for the value of said automobile. The plaintiff could not recover actual damages for the wrongful detention of the automobile, because, having elected to treat the detention as a conversion and sue for its value, he thereby made it lawful for the defendant to exercise the right of ownership thereover, and a man is not liable to another for detaining in his possession what is his own. Therefore, if an owner is not liable in actual damages for detaining property because a plaintiff elects to treat him as the owner thereof during the period he detained it, how can he be liable in exemplary damages for such detention which the plaintiff has elected to treat as lawful by suing for the value of the property and thus regularizing the appropriation?

However, it is well settled that exemplary damages may be awarded if the conversion is characterized by malice, willfulness or oppression, or a reckless or wanton disregard of plaintiff's rights. 65 C.J. 156. See also, San Antonio & A. P. R. Co. v.

Kniffen, 4 Tex.Civ.App. 484, 23 S.W. 457, 460; Werkheiser-Polk Mill Co. v. Langford, 51 Tex.Civ.App. 224, 115 S.W. 89, 91. Since exemplary damages are awarded by way of making an example, and not to vindicate any right possessed by a plaintiff, it may well be that the acquiescence by plaintiff in the appropriation of his property is no waiver of exemplary damages which are imposed to punish the defendant and not to make the plaintiff whole.

Plaintiff relies strongly on the case of Pennsylvania Fire Ins. Co. v. Levy, 85 Colo. 565, 277 P. 779, 75 A.L.R. 1416. It appears from that case that the right to recover exemplary damages is made statutory in Colorado. The right conferred by said statute seems to be the same rule that prevails at common law. Plaintiff's proof of the conversion in the Levy case is somewhat more definite and clearcut than plaintiff's allegations in the case at bar. But it is authority in support of the conclusion that it is error for the court to dismiss plaintiff's suit. As we understand the effect of the court's ruling in this case, it was that plaintiff could not amend his petition so as to assert a right to recover exemplary damages for the alleged conversion of plaintiff's automobile, because exemplary damages were not recoverable. That is to say, had the plaintiff sued to recover on the policy of insurance an amount within the district court's jurisdiction (assuming the automobile was damaged to such extent), the court would have sustained a special exception to any allegation of exemplary damages, upon the ground that exemplary damages are not recoverable where suit is brought for conversion. Indeed, we are forced to this conclusion because of the court's refusal to permit any amendment.

The court erred in dismissing plaintiff's petition for want of jurisdiction, and denying his application for leave to amend. The order of dismissal is reversed and the cause remanded.

Reversed and remanded.

### On Motion for Rehearing.

In their motion for rehearing appellees present their view of the option, which plaintiff pled that the insurance company had, as follows: "The company could not exercise its option to return the car to the plaintiff, without doing so. If it failed to return the car to the plaintiff, then it had not exercised its option to return it to him, but had exercised its option to keep the car. In any event, the value of the car is all that could be recovered whether they (the insurance company) returned the car or did not return the car, and the value of the car, as alleged by plaintiff, is $400.00, which is below the jurisdiction of the District Court." Again, they urge their view in these words: "How could a person who is in possession of any article, and who has the right to retain possession of that article, and pay the value thereof to the owner, be guilty of converting the article when he does not return it to its owner? The insurer could not exercise its option to return the car to appellant, Hankey, and as long as the car is not returned to him under the contract, as alleged by appellant, the maximum amount that could be recovered was the value of the car * * *."

The insurance company is in error in its view that the option, which plaintiff alleged that it had to return the automobile to plaintiff, could only be accepted by returning it. According to plaintiff's pleadings, the insurance company was the optionee of the option pled. "An option is a mere offer which binds the optionee to nothing and which he may or may not accept at his election, within the time specified. Until so accepted it is not, in legal effect, a completed contract, but when accepted * * * it becomes a completed contract, binding on both parties." 10 Tex.Jur., pp. 56, 57. Therefore, according to the allegations of plaintiff's petition, as construed in our original opinion, the insurance company by electing not to take the title to the automobile but to return it to plaintiff, and communicating such election to plaintiff, fixed the right of plaintiff to the title and ownership of said automobile. In other words, the option, which continued to be a mere offer until the insurance company elected to pay damages and return the automobile in its damaged condition, becomes a contract to do so upon the acceptance of the offer contained in the option, and the communication to plaintiff of such acceptance by the insurance company. There is nothing in the option as pled which would prevent a verbal acceptance.

It is true that we have liberally construed the allegations of plaintiff's petition in order to sustain the jurisdiction of the court which he sought to invoke. It is our duty to do so under the rule cited in our original opinion; and we have not

pressed our construction beyond the reasonable intendments of the allegations of the petition. But had we reached the conclusion that the allegations asserting plaintiff's claim to recover exemplary damages were not (to use the old phraseology) good against a general demurrer, it would still be our duty to remand the cause to permit plaintiff to amend his petition for the reason now to be stated.

It appears from the judgment of the trial court sustaining the plea to the jurisdiction that its language ordering the dismissal does not contain the usual "and plaintiff declining further to amend, his suit is dismissed." But instead, the order is to the effect that the court sustained the plea to the jurisdiction, and that plaintiff "seasonably begged leave to amend * * *, and the court being of the opinion the said requests for amendment should be refused * * *," ordered that this suit should be dismissed. Where a plea to the jurisdiction is sustained a plaintiff should ordinarily be afforded an opportunity to amend his petition, unless it is apparent from the nature of the suit that his petition cannot be amended so as to invoke the jurisdiction of the court. The learned trial judge evidently shared the views urged by appellees, and quoted above. If such views are correct, the court properly declined leave to amend. But if they are incorrect, plaintiff should have been afforded an opportunity to amend.

Appellees' motion for rehearing is refused.

Rehearing refused.