**Don GARDNER, Appellant,**

v.

**Horace JONES, Appellee.**

**No. 17045.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Aug. 3, 1978.

Robert J. Barr, Houston, for appellant.

Thurlow & Hennessy, Thomas N. Thurlow, Houston, for appellee.

EVANS, Justice.

This is an appeal from a judgment entered after the defendant had answered but had failed to appear at trial.

The appellee, Horace Jones, alleged the conversion by Gardner of a produce stand and other personal property. Jones claimed damages of $2,000.00 for the loss of the stand, $10,000.00 for loss of his business, and $25,000.00 as punitive damages.

Gardner, acting pro se, timely filed an answer alleging that he had sold the produce stand and equipment to Jones, who had failed to pay the total amount due on the agreed purchase price. Gardner alleged that after he had made repeated requests to Jones for payment of the balance due, he sought advice from the district attorney's office and was advised that he could legally repossess the building and equipment. Gardner further alleged that he had tried to return the personal items found in the stand to Jones, but that Jones refused to accept the tendered items. Gardner denied that Jones had suffered any business loss because the produce stand was already "closed down" at the time of repossession.

The trial on the merits was held on July 5, 1977. Gardner was not present at the trial. After hearing the evidence, the trial court awarded judgment to Jones in the amount of $4,000.00, and a motion for new trial was filed on Gardner's behalf. The trial court overruled this motion and Gardner appeals.

It is Gardner's contention that his failure to appear for trial was not intentional nor the result of conscious indifference, but rather was due to a mistake on his part, that he has a meritorious defense to the action, and that Jones will not suffer undue delay or hardship by reason of a remand for trial.

At the hearing on Gardner's motion for new trial, he testified that he had first received a request for trial setting filed by Jones' counsel, notifying that the case would be set for June 20, 1977. After receiving a second request for setting for July 5, 1977, Gardner went to the office of the deputy district clerk in the court in which the case was pending, and asked which date he was supposed to appear for trial. The clerk advised him that he "would be notified when to appear," and he advised the clerk that he intended to represent himself in the proceedings. He had previously been involved in a criminal proceeding which arose out of the instant transaction, and in that case he had been notified to appear by a "document" served through the constable's office. He testified that after he talked with the civil district clerk concerning the instant case, he assumed that he would be notified in the same manner. He was familiar with the procedure for setting cases for trial in the civil district courts in Harris County, and he did not draw any distinction between the practices of the civil and the criminal district courts. He was in fact available to appear for trial during the weeks of June 20 and July 5, and if he had known the case would be called for trial, he

would have appeared. On July 7, after receiving a card in the mail informing him that a $4,000.00 judgment had been entered against him, he contacted his present counsel.

The same rule is applicable to motions for new trial which seek to set aside judgments entered on the failure of the defendant to appear for trial as those which have been entered on the failure of the defendant to file an answer. *Ivy v. Carrell,* 407 S.W.2d 212, 213 (Tex.1966).

"A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff." *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939).

Where the facts demonstrate that the defendant's failure to appear for trial was due to some misunderstanding on his part, the first test of *Craddock* is met. *Ivy v. Carrell,* supra; *O'Hara v. Hexter,* 550 S.W.2d 379, 382 (Tex.Civ.App.-Dallas 1977, writ ref'd n. r. e.); *Dallas Heating Co. v. Pardee,* 561 S.W.2d 16 (Tex.Civ.App.-Dallas 1977, writ ref'd n. r. e.); *Baen-Bec, Inc. v. Tenhoopen,* 548 S.W.2d 799 (Tex.Civ.App.-Eastland 1977, no writ). In the case before the court, the record affirmatively shows that Gardner's failure to appear for trial was due to his mistaken belief that he would receive further notification concerning the date upon which he was to appear. His actions do not support the conclusion that his failure to appear for trial was due to his intentional failure or to a conscious indifference.

The second requirement set forth in *Craddock* is that the defendant's motion for new trial must "set up" a meritorious defense by allegations supported by affidavits or other evidence which establish a prima facie defense to the plaintiff's action. *Ivy*

*v. Carrell,* supra; *Bredeson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 513 S.W.2d 110, 112 (Tex.Civ.App.-Dallas 1974, no writ).

In his motion for new trial, Gardner alleged that during the month of June, 1974 he had agreed to sell a portable building and air cooler to Jones for use as a produce stand. The purchase price for this property was $1500.00, of which amount Jones paid $1200.00 in cash and agreed to pay the balance within thirty days. Gardner alleged that Jones had failed to pay the balance when due, and despite repeated demands, Jones had failed to either pay the balance or to return the property. On October 3, 1974, Gardner repossessed the property with the assistance of third parties, and thereafter he offered to allow Jones to reclaim the property in return for the balance of the purchase price. He also had offered to permit Jones to have possession of various small items of personalty which were in the portable building at the time of repossession, but Jones had refused to take these items. Additionally, Gardner alleged that certain items of personal property allegedly converted by him were in fact the property of Jones' father and had been reclaimed by him. Gardner also alleged that the produce stand was not in operation or open for business at the time of the repossession and that Jones had therefore suffered no loss of business.

The property in question had been unconditionally delivered to Jones, and he was entitled to retain possession of the property, notwithstanding the fact that he still owed a portion of the purchase price. Gardner was a mere creditor, without a lien, and he had no right to seize Jones' property for the purpose of discharging the claimed indebtedness. *Werkheiser-Polk Mill Co. v. Langford,* 51 Tex.Civ.App. 224, 115 S.W. 89 (Austin 1908, no writ); *Jones v. City National Bank,* 166 S.W. 442 (Tex.Civ.App.-Fort Worth 1914, no writ). The factual allegations of Gardner's motion for new trial do not establish that the repossession was legally justified, either at common law or under the provisions of the Texas Business & Commerce Code.

■ Where property has been converted, the owner is generally under no obligation to take it back upon a tender by the wrongdoer. *Holland v. Lesesne,* 350 S.W.2d 859, 865 (Tex.Civ.App.-San Antonio 1961, writ ref'd n. r. e.). Thus, Gardner's allegations that he offered to permit Jones to reclaim the property in return for the payment of the balance of the purchase price do not establish a defense to the action for conversion. Neither is a defense shown by the allegations that certain properties belonged not to Jones, but to Jones' father. There may be a conversion even where the person in possession does not have title to the property, so long as he has the right to immediate possession. *Christian v. First National Bank,* 531 S.W.2d 832, 841 (Tex. Civ.App.-Fort Worth 1975, writ ref'd n. r. e.).

■ The allegations of Gardner's motion for new trial do, however, establish a meritorious defense to part of the plaintiff's claim for damages. Gardner alleged that he had repossessed the property in question on the basis of advice which he had received from the district attorney's office. Punitive damages may not be awarded where the defendant acts in a good faith belief that he was exercising some right. *Cantrell v. Broadnax,* 306 S.W.2d 429, 433 (Tex.Civ.App.-Dallas 1957, no writ). The mere showing that the defendant withheld the converted property from the plaintiff will not support an award of exemplary damages. *Allison v. Singh,* 366 S.W.2d 822 (Tex.Civ.App.-El Paso 1963, writ ref'd n. r. e.). Thus, Gardner's motion for new trial sets up a meritorious defense with respect to the matter of exemplary damages, and since the trial court's judgment may have included an award of exemplary damages, a meritorious defense to that claim would require a reversal and a remand for further proceedings.

■ Under the third requirement of *Craddock,* a motion for new trial must be filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. The record reflects that Gardner's motion for new trial was filed eight days after the rendition of final judgment and that a hearing on the motion was held 17 days later. It thus appears that the motion was filed and presented within a permissible period of time. *Leonard v. Leonard,* 512 S.W.2d 771 (Tex.Civ. App.-Corpus Christi 1974, writ dism'd); *Abercia v. First National Bank,* 500 S.W.2d 573 (Tex.Civ.App.-San Antonio 1973, no writ).

The judgment of the trial court is reversed and the cause is remanded.