NUMBER 13-08-00314-CV
 


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


RODOLFO MORALES, Appellant,

 


v.


LINDA CARRANZA, ET AL., Appellees.

 




On appeal from County Court

of DeWitt County, Texas.

 




 MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Yañez



 Appellant, Rodolfo Morales, an inmate, filed suit pro se and in forma pauperis
against appellees, Linda A. Carranza, Marianne Wilson, Lana Posdim, and Kelli Ward. (1) 
By one issue, Morales challenges the trial court's dismissal of his suit as frivolous. (2) We
affirm.

I. Background

 Morales purchased a wooden Realistic radio at a Texas Department of Criminal
Justice ("TDCJ") commissary in 1988. When he was transferred to the Stevenson Unit of
the TDCJ in 2007, Wilson, the property room supervisor of the Stevenson Unit, confiscated
the radio pursuant to unit policy requiring inmates to have transparent plastic radios. 
Wilson offered Morales a transparent radio; however, he refused it and instead filed a
"Step 1 Grievance Form" complaining of the "illegal [and] unauthorized denial of an
entitlement or privilege." Morales, citing TDCJ regulations, alleged that he was entitled to
return of the radio pursuant to the TDCJ's administrative directive allowing an inmate to
keep property purchased at a unit commissary. (3) Assistant Warden Carranza denied
Morales's grievance stating that "[d]uring the shakedown of 2005 all wooden Realistic
radios were confiscated and replaced with clear AM/FM radios. You were given a clear
radio and allowed to mail your Realistic radio home. As of date you have not done so. It
would take 15 stamps." Morales then filed a "Step 2 Grievance Form," which was denied
by Ward. Ward stated:

 An investigation has been conducted and found that your Step 1 response
was appropriate. You were provided with a clear AM/FM radio and property
papers to prove ownership. Furthermore, you were afforded the opportunity
to send the wooden realistic radio home at the cost of 15 stamps. You must
contact the property officer concerning disposition of the radio or it will be
disposed of according to policy. No further action is warranted. JC-D


 On November 13, 2007, Morales filed his suit seeking return of the radio, alleging
it was confiscated in violation of TDCJ policy and seeking a declaratory judgment and
injunctive relief. Specifically, Morales asked for 

 a Declaratory judgment in the form of a determination that TDCJ-ID
employees' actions violated TDCJ-ID Administrative Directive, and the
'Grandfather Clause'. . . .  That this complaint is cognizable under a common
law/statutory scheme of tort law. Additionally, Plaintiff seeks injunctive relief
in the form of an order to cease, desist, and refrain from taking actions
outside Agency guidelines, and to return Plaintiff's Realistic radio to his
possession.[ (4)]


After filing its answer, the State filed a motion to dismiss pursuant to section 14.003 of the
civil practices and remedies code. (5) In his response to appellees' motion, Morales asserted
that he was suing appellees for detinue (6) and for violating the fourth amendment of the
United States Constitution. (7) Specifically, Morales stated that appellees violated the TDCJ
policy, which allows him to keep property that was purchased at a commissary even after
being transferred to a new facility. Morales quoted the regulation as follows: "Offenders
transferring from another TDCJ unit will be authorized to retain any items previously
purchased from an approved commissary list regardless of the date purchased. Unit
Administration may restrict the use of certain items on a unit. . . ."

 The trial court held a hearing on appellees' motion to dismiss. However, a reporter's
record of that proceeding has not been filed in this case. (8) The trial court then granted
appellees' motion and dismissed Morales's suit as frivolous. This appeal ensued.

II. Applicable Law and Standard of Review

 Pursuant to civil practices and remedies code section 14.003, a trial court may
dismiss a suit filed by an indigent inmate if the trial court finds that the claim is frivolous. (9) 
A claim is frivolous, among other reasons, if it has no arguable basis in law or in fact. (10) A
trial court has "broad discretion" to dismiss an inmate's suit. (11) A trial court's dismissal of
an action as frivolous is subject to review under an abuse of discretion standard. (12) In
reviewing the trial court's determination, we review and evaluate pro se pleadings by
standards less stringent than those applied to formal pleadings drafted by lawyers. (13) And,
"[t]o determine whether the trial court properly decided there was no arguable basis in law
for appellant's suit, we examine the types of relief and causes of action appellant pleaded
in his petition to determine whether, as a matter of law, the petition stated a cause of action
that would authorize relief." (14) Furthermore, we take all of the allegations in the inmate's
petition as true. (15)

III. Analysis

 Morales argues that appellees violated his fourth amendment rights by not returning
his radio to him. Morales asserts that as an inmate, he must show that the "seizure went
beyond a legitimate penological interest," and that in this case, the "seizure" of his radio
did not serve that purpose. This is the extent of Morales's argument.

 The fourth amendment to the United States Constitution protects citizens from
unreasonable searches and seizures. It states, "The right of the people to be secure in
their persons, houses, papers, and effects, against unreasonable searches and seizures,
shall not be violated, and no Warrants shall issue, but upon probable cause, supported by
Oath or affirmation, and particularly describing the place to be searched, and the persons
or things to be seized." (16) Morales does not cite to authority, and we find none, supporting
a conclusion that appellees violated his fourth amendment rights by confiscating his radio
pursuant to unit rules requiring transparent radios. Furthermore, Morales does not provide
a clear and concise argument supporting his assertion that his fourth amendment claim is
meritorious as a matter of law. (17) Therefore, Morales's fourth amendment claim is without
merit. (18)

 Next, appellant argues that his claim for detinue is meritorious and that the trial court
erred in dismissing his suit on that basis. (19) "At common law when a defendant unlawfully
detained property from a plaintiff, the plaintiff might sue him either in detinue or trover. If
he sued in detinue it was because he desired to recover his property together with
damages for its unlawful detention." (20) It is the "wrongful refusal of return [of the item] after
demand" that gives the plaintiff a claim for detinue. (21)

 On appeal, Morales argues that as State employees, appellees are proper parties
to the suit for detinue, reasoning that "a common-law/statutory scheme exists for negligent,
intentional, or reckless destruction of property." We conclude that this argument is without
merit; Morales did not allege in his petition that appellees destroyed his radio. As to his
detinue cause of action as stated in his petition, Morales did not allege that Carranza,
Posdim, or Ward detained his property. (22) Therefore, the trial court properly dismissed
Morales's claim for detinue against Carranza, Posdim, and Ward as having no basis in law.

 Moreover, the trial court determined that Morales's claims did not have any basis
in fact after conducting an evidentiary hearing. Without a reporter's record, we must
presume that any facts presented at the hearing supported the trial court's order. (23) 
Therefore, we must presume that the trial court found that Morales's claims had no factual
basis because Wilson lawfully confiscated his radio based on unit rules. Absent a record
from the hearing on appellees' motion to dismiss, we cannot conclude that the trial court
abused its discretion in granting appellees' motion to dismiss. (24)

 Therefore, we conclude that the trial court did not abuse its discretion in determining
that Morales's fourth amendment and detinue claims against appellees were frivolous. (25) 
We overrule Morales's sole issue.



IV. Conclusion

 We affirm the trial court's judgment.

 

 

 LINDA R. YAÑEZ

 Justice



Delivered and filed the

22nd day of April, 2010.

1. Appellees are employees of the Texas Department of Criminal Justice.
2. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (Vernon 2002).
3. The TDCJ regulations cited by Morales in his grievance are not included in the record.
4. We note that in his petition, Morales did not state a cause of action or a legal basis to support his
claims for declaratory judgment and injunctive relief.
5. See id.
6. At common law, a plaintiff could sue in detinue when a defendant unlawfully detained the plaintiff's
property, and the plaintiff desired to recover the property. See Hankey v. Employer's Cas. Co., 176 S.W.2d
357, 360-61 (Tex. Civ. App.-Galveston 1943, no writ).
7. The State argues on appeal that Morales's fourteenth amendment due process and conversion
claims were frivolous. However, in his appellate brief, Morales states that he did not allege a fourteenth
amendment due process or conversion claim in his petition. Therefore, we will not address the State's
arguments.
8. The county clerk has informed this Court that no court reporter was present at the hearing.
9. Tex. Civ. Prac. & Rem. Code Ann. § 14.003.
10. Id. § 14.003(b).
11. Martin v. Tex. Bd. of Criminal Justice, 60 S.W.3d 226, 229 (Tex. App.-Corpus Christi 2001, no pet.)
(citing Martinez v. Thaler, 931 S.W.2d 45, 46 (Tex. App.-Houston [14th Dist.] 1996, writ denied); Thomas v.
Tex. Dept. of Criminal Justice, Inst. Div., 848 S.W.2d 797, 798 (Tex. App.-Houston [14th Dist.] 1993, writ
denied)); Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.-Houston [1st Dist.] 1998, no pet.) (citing Tex.
Civ. Prac. & Rem. Ann. Code § 14.003(a)(2)).
12. Jackson v. Tex. Dep't of Criminal Justice-Inst. Div., 28 S.W.3d 811, 813 (Tex. App.-Corpus Christi
2000, pet. denied).
13. See Lentworth, 981 S.W.2d at 722.
14. Jackson, 28 S.W.3d at 813.
15. Id. (citing Harrison v. Tex. Dept. of Criminal Justice-Inst. Div., 915 S.W.2d 882, 888 (Tex.
App.-Houston [1st Dist.] 1995, no writ)).
16. U.S. Const., amend. IV.
17. See Tex. R. App. P. 38.1(i).
18. See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005) ("A complaint lacks an arguable basis in
law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a
legal interest which clearly does not exist.").
19. In his petition, Morales does not state the cause of action he alleges; however, because we must
liberally construe a pro se plaintiff's petition, we conclude that he has asserted facts which put the appellees
on notice of his claim--that he is entitled to the return of his Realistic radio.
20. Hankey, 176 S.W.2d at 360-61.
21. Kay & Co. v. Lanark Corp., 301 S.W.2d 499, 503 (Tex. Civ. App.-Galveston 1957, no writ).
22. Morales claimed that Carranza "aided and abetted the illegal/unauthorized confiscation of [his]
personal property by promulgating certain rules and regulations relating to Prisoner's right to retain possession
of wooden Realistic radios." Morales stated that Posdim did not "review the Step 1 grievance, research TDCJ
policy, or inform . . . Carranza and Wilson that the confiscation of [his] Realistic radio was in violation of
TDCJ-ID Administrative Directive which, [sic] allowed [him] to retain possession of the radio." Morales claimed
that Ward "did not properly investigate the Step 1 answer at the Step 2 level, research the TDCJ-ID Offender
Property Policy or the 'Grandfather Clause,' and inform . . . Carranza, Wilson, and Posdim that, the
confiscation of [his] Realistic radio violated" regulations.
23. See Willms v. Americas Tire Co., 190 S.W.3d 796, 803 (Tex. App.-Dallas 2006, pet. denied)
("[W]hen an appellant fails to bring a reporter's record, an appellate court must presume the evidence
presented was sufficient to support the trial court's order."); Rittenhouse v. Sabine Valley Ctr. Found., Inc.,
161 S.W.3d 157, 165 (Tex. App.-Texarkana 2005, no pet.) ("When a reporter's record is necessary for
appellate review and the appellant fails to file the reporter's record, a presumption arises that the reporter's
record would support the trial court's judgment.").
24. See In re Pilgrims Pride Corp., 187 S.W.3d 197, 199 (Tex. App.-Texarkana 2006, orig. proceeding)
("Without a reporter's record, we could only speculate whether there was evidence to support the trial court's
denial of [relator's] motions to compel discovery, to delay the trial date, and to enter a scheduling order.").
25. Morales generally asserts that he was entitled to injunctive and declaratory relief and states that
he may bring such a claim against appellees, citing authority concerning sovereign immunity. However, he
does not support his assertion that he is entitled to the relief sought with a clear and concise argument and
appropriate citations to appropriate authority. Therefore, we conclude that he has waived those assertions. 
See Tex. R. App. P. 38.1(i).